HARDY, Judge.
This is a suit for the recovery of damages to plaintiff’s automobile resulting from a collision with an automobile owned and driven by the defendant, Wimberly, whose insurer, Pioneer Casualty Company, was joined as a party defendant. From a judgment in favor of plaintiff in the principal sum of $324.16 and further judgment rejecting the defendants’ reconventional demands, the defendants have appealed.
The collision which gave rise to this action occurred shortly before the noon hour on April 18, 1958, in the 200 block of East *866 79th Street in the City of Shreveport. The street in question is blacktopped, or oiled, about twenty feet in width and bordered on each side by deep ditches. Approximately seventy-five feet, more or less, from the point of the collision, a railway embankment crosses the street at right angles, which embankment is so steep that the view of approaching motorists on either side thereof is completely obstructed until a point at or very near the crest is reached. Plaintiff, driving west, pulled into his left lane of the street for the purpose of passing an automobile which was parked on the north side of the street and obstructed plaintiff’s passage. As plaintiff was engaged in .passing, the parked car, .the automobile of tlie defendant, Wimberly, topped the crest of the railway embankment some seventy-five feet, more or less, distant, and, continuing its easterly course, collided with plaintiff’s car which he had brought to a' stop upon observing the approach of the Wimberly vehicle. The testimony of investigating police officers conclusively establishes the fact that the left front of the Wimberly car struck the left front of plaintiff’s automobile at a point some eight feet' south of the north edge of the street; that the Wimberly car skidded for a distance of one hundred eight feet before making contact with plaintiff’s automobile, whose car was knocked backwards for an additional distance of twenty-nine feet by the force of the impact. The testimony of these witnesses fixed the point of beginning of the skidmarks of the Wimberly car somewhere on the west side of the railroad embankment. An additional pertinent fact is that both parties were well acquainted with the neighborhood and the street on which the accident took place, and were entirely familiar with the fact that the railroad embankment constituted a hazardous obstruction to the view of automobiles on either side thereof.
Plaintiff charges negligence against the defendant, Wimberly, in that he was driving at an excessive and reckless rate of speed, failing to maintain a proper lookout and to have his vehicle under control. The facts abundantly establish the charges of excessive rate of speed and failure to have the car under control.
Defendants assert that plaintiff was guilty of negligence in driving his automobile in the wrong lane of traffic; failing to maintain a proper lookout and to have his vehicle under proper control. The established facts decisively refute these contentions. There is no evidence of negligence in plaintiff’s action in undertaking to pass a parked vehicle at a time when there was no approaching traffic in view. As to the other charges of negligence, the evidence is clear that plaintiff brought his car to a stop when’ he saw the Wimberly vehicle reach the crest of the railway embankment, and it follows that he was not only maintaining a proper lookout but had his car under proper control.
We think there can be no possible doubt as to the negligence of the defendant, Wimberly, and the conclusion that his negligence was the sole and proximate cause of the accident. One who is familiar with the condition and circumstances with relation to vehicular travel on a particular street and who fails to take reasonable precautions in traversing such thoroughfare, is clearly guilty of a lack of the proper degree of care. The fact that Wimberly’s car actually began to skid up the slope of an embankment, which obstructed his view, and continued skidding for a total distance of some one hundred eight feet, still with such momentum as to strike a stopped automobile and move it twenty-nine feet, constitutes such clear evidence of gross negligence as to preclude the necessity for detailed development. There being no negligence attached to the actions of plaintiff in connection with the operation of his car, it follows that the judgment is correct.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.