487 So.2d 412 (1986)
Audrey Dale McGEE, Petitioner,
v.
Walter T. McGEE, Respondent.
No. 4-86-0415.
District Court of Appeal of Florida, Fourth District.
April 30, 1986.
*413 Lewis Kapner, of Montgomery, Searcy & Denney, P.A., West Palm Beach, for petitioner.
Paul B. Kanarek, Vero Beach, for respondent.
GUNTHER, Judge.
This petition for writ of certiorari must be dismissed because it has not been filed in a timely fashion. In Florida, petitions for common law writ of certiorari must be filed within 30 days of the rendition of the order to be reviewed. Fla.R.App.P. 9.100(c). When an authorized and timely motion for rehearing has been filed, the order shall not be deemed rendered until disposition thereof. Fla.R.App.P. 9.020(g). However, a motion for rehearing is not authorized to be taken from an interlocutory or non-final order, and therefore does not delay the time of filing a writ of certiorari. Owens v. Jackson, 476 So.2d 264 (Fla. 1st DCA 1985); Williams v. Department of Health and Rehabilitative Services, 468 So.2d 504 (Fla. 5th DCA 1985); Hofer v. Gil De Rubio, 409 So.2d 527 (Fla. 5th DCA 1982).
In the present case, the writ of certiorari was untimely because the petition for rehearing was not authorized. Therefore, the date of rendition was September 21, 1985, the date that the court denied the wife's motion to disqualify. We do not have jurisdiction because February 17, 1986, the date that the wife filed the petition for certiorari, is not within 30 days of the date of the rendition of the order.
DISMISSED.
LETTS and GLICKSTEIN, JJ., concur.