518 So.2d 410 (1988)
R.S. JOHNSON, Appellant,
v.
CITIZENS STATE BANK, a Florida banking corporation, Appellee.
No. 87-1594.
District Court of Appeal of Florida, First District.
January 5, 1988.
Bill A. Corbin, Blountstown, for appellant.
Glenda F. Swearingen, Marianna, for appellee.

ON MOTION TO DISMISS
PER CURIAM.
Appellee moves to dismiss this appeal for lack of jurisdiction. The motion shows that *411 appellant filed a notice of appeal seeking review of an order rendered on September 24, 1987, by the Circuit Court for Gadsden County sitting in its appellate capacity. In response to this court's order to show cause why the motion should not be granted, appellant concedes that this court does not have appellate jurisdiction but asks that the notice of appeal be treated as a petition for writ of certiorari. Such a petition is the proper vehicle for review of a circuit court appellate order, Combs v. State, 436 So.2d 93 (Fla. 1983), and there is authority for the procedure requested by appellant, Hackenberg v. Artesian Pools, Inc., 440 So.2d 475 (Fla. 5th DCA 1983).
Before determining whether the petition, if so construed, demonstrated a preliminary basis for relief, this court sua sponte raised the issue of the timeliness of the petition. The notice of appeal was filed with the clerk of the lower tribunal on October 21, 1987, but a copy of the notice was not received by the clerk of this court until October 28, more than 30 days after rendition of the order.[1] We noted that Rule 9.100(b), Florida Rules of Appellate Procedure, requires the petition to be filed "with the clerk of the court deemed to have jurisdiction" and that Rule 9.100(c) requires a petition for writ of certiorari to be filed within 30 days of the date of rendition of the order sought to be reviewed. This time limit is jurisdictional, McGee v. McGee, 487 So.2d 412 (Fla. 4th DCA 1986). Accordingly, we directed the parties to address the question whether appellant had timely invoked the jurisdiction of this court.[2] On consideration of the response of the appellant/petitioner[3] and the reply of appellee/respondent and based on our own analysis, we find that the jurisdiction of this court has not been timely invoked and dismiss the appeal.
We have found no reported decision of a Florida appellate court addressing this precise issue. In an analogous situation, however, it has been held that the failure to timely file a notice of appeal in the lower tribunal deprived the appellate court of jurisdiction even though the notice was timely filed with the clerk of the appellate court, Lampkin-Asam v. District Court of Appeal, Third District, 364 So.2d 469 (Fla. 1978). In view of the decision in Lampkin-Asam and the express provisions of sections (b) and (c) of Rule 9.100, Florida Rules of Appellate Procedure, we hold that where a notice of appeal is not filed with the clerk of the appellate court within 30 days of rendition of the order sought to be reviewed, the notice may not be treated as a petition for writ of certiorari because the jurisdiction of the court has not timely been invoked. We recognize that our holding is apparently one of first impression in Florida, and that it may be argued that Rule 9.040(c), relating to improper remedies, indicates a contrary result. Accordingly, we certify to the Florida Supreme Court that we find the the following question to be one of great public importance:
WHEN A PARTY SEEKS APPELLATE REVIEW OF A NON-APPEALABLE ORDER, AND ASSUMING THAT THE NOTICE OF APPEAL IS TIMELY FILED IN THE LOWER TRIBUNAL, MUST THE NOTICE OF APPEAL BE FILED IN THE APPELLATE COURT WITHIN 30 DAYS OF RENDITION OF *412 THE ORDER IN ORDER FOR THE APPELLATE COURT TO HAVE JURISDICTION TO TREAT THE NOTICE AS A PETITION FOR WRIT OF CERTIORARI?
SMITH, C.J., and MILLS and SHIVERS, JJ., concur.
NOTES
[1] There is no requirement under the appellate rules that counsel file a copy of the notice of appeal with the appellate court. In practice, this court is often served a copy by counsel for the appellant at the time it is filed below, but where this is not the case the court will ordinarily first obtain a copy of the notice when it is forwarded by the clerk of the lower tribunal.
[2] We have decided to dispose of this case on the timeliness question and have made no determination of the merits of the appellant/petitioner's claims.
[3] Appellant/petitioner relies primarily on Casto v. Casto, 404 So.2d 1046 (Fla. 1981), showing that the circuit court order at issue was not recorded until October 1, 1987. Casto is inapplicable because that opinion was based on language in an earlier version of Rule 1.530(b), Florida Rules of Civil Procedure, that does not appear in the rules controlling the outcome of this case. Moreover, it appears that Casto is no longer viable after the 1984 amendment to Rule 1.530(b). Rules 9.100(c) and 9.020(g), Florida Rules of Appellate Procedure, make clear that the commencement of the 30 day period was the date the order was filed with the clerk of the circuit court, September 24.