ON MOTION TO DISMISS
PER CURIAM.
Petitioners seek certiorari review of an order compelling discovery. The order was rendered May 31, 1988, and petitioners originally announced their intention to seek review of the order by filing a notice of appeal in the circuit court June 29, 1988. The notice was thereafter transferred to this court, where it was received July 5, 1988. On July 7 petitioners submitted to this court a petition for writ of certiorari and appendix, along with a motion requesting us to accept the petition as if the proper remedy had been sought ab initio. We originally agreed to petitioners’ motion, treated the notice of appeal as a petition for certiorari, and directed the respondents to file a response to the petition. See Fla. R.App.P. 9.040(c). However, respondents argue that because no petition or other notice invoking our certiorari jurisdiction was filed with this court within thirty days of the circuit court’s order, as required by rules 9.100(b) and (c), Florida Rules of Appellate Procedure, we lack jurisdiction to consider petitioner’s claims for relief.
Within the last few months every other district court of appeal in this state has been called upon to decide this same jurisdictional question, and all have agreed with the position taken by respondents. Massaline v. Carter, 528 So.2d 561 (Fla. 5th DCA 1988); Spector v. Trans World Airlines, Inc., 523 So.2d 704 (Fla. 4th DCA 1988); Paul v. City of Miami Beach, 519 So.2d 1150 (Fla.3d DCA), dismissed, 529 So.2d 695 (Fla.1988); Johnson v. Citizens State Bank, 518 So.2d 410 (Fla. 1st DCA 1988). Accordingly, we dismiss the petition for writ of certiorari as untimely filed. As did the court in Johnson, we certify to the Florida Supreme Court the following question of great public importance:
WHEN A PARTY SEEKS APPELLATE REVIEW OF A NON-APPEALABLE ORDER, AND ASSUMING THAT THE NOTICE OF APPEAL IS TIMELY FILED IN THE LOWER TRIBUNAL, MUST THE NOTICE OF APPEAL BE FILED IN THE APPELLATE COURT WITHIN 30 DAYS OF RENDITION OF THE ORDER IN ORDER FOR THE APPELLATE COURT TO HAVE JURISDICTION TO TREAT THE NOTICE OF APPEAL AS A PETITION FOR WRIT OF CERTIORARI?
SCHEB, A.C.J., and FRANK and PARKER, JJ., concur.