PER CURIAM.
The state seeks certiorari review of an order suppressing blood alcohol test results. Concluding that this court lacks jurisdiction, we dismiss the petition.
Dennis Wilkison, following a one-car accident, was charged with driving under the influence of alcohol. He had been taken to Sarasota Memorial Hospital where he had consented to a blood alcohol test. His blood sample had been sent to the Florida Department of Law Enforcement lab in Jacksonville and tested on a “Gowmac 750” gas chromatograph analyzer. The county court arrived at two conclusions which led it to determine that the test results should be suppressed: first, the court held that section 316.1932(f)(1), Florida Statutes (1988), requires that any machine used for blood alcohol testing and the method of its use must have been approved by the Department of Health and Rehabilitative Services; second, the court found that neither the Gowmac 750 nor any similar blood-analyzing device had received such approval. The county court certified its decision to be of great public importance and appropriate for direct appellate review by this court. See Fla.R.App.P. 9.030(b)(4).
Discretionary proceedings to review decisions of county courts are governed by Florida Rule of Appellate Procedure 9.160. Subsection (d) of that rule provides that “[t]he certification may be made in the order subject to appeal or in any order disposing of a motion which has postponed rendition.” The committee note accompanying the rule recommends that “parties should file suggestions for certification pri- or to the entry of the order from which the appeal may be taken.” See also, Hauser, The Newest Appeal: Direct Appeal from the County Court to the District Court of *939 Appeal, 59 Fla.BJ. 13, 14 (November, 1985) (“The mere filing of a suggestion of an issue of great public importance does not stay the time period for appeal.”). Apparently no such suggestion was filed in this case. The first written order suppressing the test results was entered January 25, 1989. Then, on February 23, 1989, an “amended” order was filed recapitulating the first order and also certifying the question as appropriate for direct review by the District Court of Appeal. The state filed its petition for writ of certiorari in this court four days later.
The two parties to this proceeding essentially disagree over which order triggered the 30-day time limit for certiorari review. We agree with Wilkison that when the first suppression order was entered, it was incumbent upon the state to appeal that order in a timely fashion. While the absence of a certified question in the first order did not in and of itself preclude the state from requesting an amended order with the necessary certification, such certification should have been obtained prior to the expiration of the jurisdictional time limit. There is no indication in the record that rendition of the January 25 order was in any way postponed, and the rules of criminal procedure do not provide for reconsideration of interlocutory orders. Since more than thirty days elapsed between the filing of the first order and the filing of the state’s petition for writ of certiorari, the petition was untimely. See, e.g., McGee v. McGee, 487 So.2d 412 (Fla. 4th DCA 1986).
We need not deal with whether certiorari is the wrong remedy and whether, if so, we might nonetheless treat this matter as an appeal, and, if so, whether the state has a right of appeal. Either a petition for writ of certiorari or a notice of appeal was untimely.
Petition dismissed.
DANAHY, A.C.J., and LEHAN and PARKER, JJ., concur.