102 So.2d 129 (1958)
STATE of Florida, ex rel. DIAMOND BERK INSURANCE AGENCY, Inc., Relator,
v.
Honorable Charles A. CARROLL, as Chief Judge, Honorable Mallory Horton and Honorable Tillman Pearson, as Judges of the District Court of Appeal, Third District, State of Florida, Respondents.
Supreme Court of Florida.
April 18, 1958.
French & Skolnick, Miami, for relator.
Aronovitz, Aronovitz & Haverfield, Miami, for respondents.
THORNAL, Justice.
By an original proceeding here the relator Diamond Berk Insurance Agency, Inc, seeks a rule absolute to prohibit the respondents, as Judges of the District Court of Appeal, Third District, from taking jurisdiction of an appeal to that court in which the relator is the appellee and Sam A. Goldstein, et al., are the appellants.
Our conclusion turns on the question as to whether the original filing of a notice of appeal in the appellate court, as distinguished from the filing of such notice in the trial court, confers jurisdiction upon the appellate court.
In a matter pending in the Circuit Court of Dade County the trial judge entered a summary final judgment in favor of Diamond Berk Insurance Agency, which was the defendant, and against Sam Goldstein, et al., who were the plaintiffs. The summary *130 judgment was entered September 25, 1957. On November 18, 1957, Goldstein, et al., undertook to appeal the final judgment by filing a notice of appeal in the office of the Clerk of the District Court of Appeal, Third District. A copy of the notice of appeal had been mailed to counsel for Diamond Berk Insurance Agency, Inc. on November 15, 1957. No notice of appeal was filed with the Clerk of the Circuit Court.
In the appellate proceeding in the District Court of Appeal Diamond Berk Insurance Agency moved to dismiss the appeal, asserting as a ground for the motion the fact that the notice of appeal had been filed in the District Court rather than in the Circuit Court as required by applicable rules. The respondent District Court took the view that the filing of the notice of appeal in the wrong court apparently resulted from a clerical oversight or misprision and did not deprive that court of exercising a reasonable discretion to assume jurisdiction. This order of the District Court was originally brought here for review by certiorari. We denied the writ without prejudice to apply to this Court for a writ of prohibition under the provisions of Article V, Section 4, Florida Constitution, F.S.A., which empowers this Court to issue writs of prohibition to the District Courts of Appeal. See Diamond Berk Insurance Agency, Inc., v. Goldstein, Fla. 1958, 100 So.2d 420.
Thereafter the relator herein instituted this proceeding seeking a writ of prohibition directed to the District Court of Appeal, Third District. A response has been filed and we consider the matter now on the question of whether a rule absolute should issue.
The relator contends that the filing of a notice of appeal at the proper place and within the time prescribed by the rules is essential to confer jurisdiction on an appellate court.
By their response the respondents assert that it was their view that the erroneous filing of the notice of appeal in this instance resulted from a clerical misprision, that on the day the notice was filed with the Clerk of their Court, the Clerk was busy and overlooked the fact that the notice was erroneously filed in the wrong court. In view of this background the respondents have the view that they could exercise a reasonable discretion in the premises in order to take jurisdiction of the appeal.
Despite what might appear to be the imposition of a hardship, we are compelled to conclude that under applicable rules the timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court. We have on numerous occasions held in similar situations that jurisdiction could not even be conferred by consent of the parties, when the notice of appeal was not filed as required by applicable rules.
In this instance the appellee in the Court of Appeal is strenuously objecting and has affirmatively moved to dismiss the appeal.
Rule 3.2(a) Florida Appellate Rules, specifically delineates the method for commencing an appeal and prescribes that this shall be accomplished "by filing a notice of appeal * * * with the clerk of the lower court." Rule 3.2(d) clearly states that the filing of the notice and the payment of the filing fee "with the clerk of the lower court" shall give the appellate court jurisdiction of the subject matter and of the parties to the appeal. The last cited provision of the Appellate Rules reads as follows:
"Effect of Filing Notice. The filing of the notice of appeal and deposit of the filing fee with the clerk of the lower court shall give the Court jurisdiction of the subject matter and of the parties to the appeal. Failure to transmit a certified copy of the notice and the filing fee to the clerk of the appellate court shall not be jurisdictional."
*131 In Counne v. Saffan, Fla. 1956, 87 So.2d 586, we specifically pointed out that the filing of the notice of appeal is jurisdictional and that an appellate court is without power to exercise its jurisdiction unless the notice is filed within the time and in the manner prescribed by the rules. In the case last mentioned we cited Donin v. Goss, Fla. 1954, 69 So.2d 316, where we likewise pointed out that a notice of appeal filed beyond the time prescribed by the rules would confer no jurisdiction on the appellate court. In both of the cases last cited this Court dismissed the appeals ex mero motu.
We are thoroughly cognizant of the fact that appellate procedure in Florida is going through a period of transition in view of the amendments to Article V of the Florida Constitution which took effect July 1, 1957. In this regard, however, we point out that the requirement for filing a notice of appeal with the clerk of the lower court whose judgment is being subjected to review is nothing new or novel. The same requirement was prescribed by former Rule 12, Supreme Court Rules, long prior to the more recent constitutional amendment and the promulgation of the current Florida Appellate Rules. Furthermore, we are here confronted with a problem in jurisdiction. A court has no power to act in the absence of a jurisdictional foundation for the exercise of the power. The timely and proper filing of a notice of appeal is a jurisdictional essential to enable an appellate court to exercise its power.
We have not overlooked our opinion in Seaboard Air Line Railroad Co. v. Holt, Fla. 1955, 80 So.2d 354. In the Holt decision we were not confronted with a notice of appeal which had not been filed within the proper time or at the proper place. We there merely considered the contents of a notice that had been filed in time and in the proper manner. We held that the content of the notice substantially complied with applicable rules. It will also be noted that in the Holt case we pointed out that a notice of appeal could not be amended after the expiration of the time limit for filing it. Nothing in this opinion shall be construed as in any way detracting from the rule of the Holt decision.
Despite our high regard for the judgment of the respondents as well as our appreciation for their understanding attitude in this instance, we are compelled to conclude that they had no jurisdiction to act in the premises.
The prayer for a rule absolute in prohibition is granted. However, the formal issuance of the rule shall be withheld unless it becomes necessary to issue it.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.