357 So.2d 716 (1978)
SOUTHEAST FIRST NATIONAL BANK OF MIAMI, a National Banking Association, and Southeast Services, Inc., a Florida Corporation, Petitioners,
v.
The Honorable William A. HERIN, As Circuit Judge of the Eleventh Judicial Circuit for the State of Florida, Respondent.
No. 51316.
Supreme Court of Florida.
April 5, 1978.
*717 Joseph P. Klock, Jr., of Steel, Hector & Davis, Miami, for petitioners.
Stuart Simon, Dade County Atty., Miami, and Murray A. Greenberg, Asst. County Atty., Miami, for respondent.
PER CURIAM.[*]
The sole question presented on this appeal is whether the failure to file a notice of appeal from a county court judgment in the office of the clerk of the circuit and county court in a timely fashion deprives the circuit court of appellate jurisdiction where the notice of appeal was filed in an otherwise timely fashion but in the district court of appeal.
This question is answered in the affirmative by the decision of this Court in State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, 102 So.2d 129 (Fla. 1958), and the decision of the First District Court of Appeal in In re Estate of Hatcher, 270 So.2d 45 (Fla. 1st DCA 1972).
Respondents argue that Diamond Berk and Hatcher are not controlling because Fla.App. Rule 2.1(a)(5)(d)[1] was neither referred to nor discussed in either of the opinions and that inasmuch as Court rules take precedence over decisional law, the rule should govern, and that a notice of appeal, if filed within the 30-day period in the appellate court and later transferred in the trial court, confers jurisdiction on the appellate court. We do not agree.
The obvious reason that the rule was not discussed or mentioned in Diamond Berk was that it was not applicable. This rule was designed to permit the transfer of cases where the appeal is taken to the wrong appellate court. For instance, where an appeal in a bond validation proceeding is taken to the District Court of Appeal instead of to the Supreme Court,[2] or where an appeal in a case where the death penalty has been imposed is taken to the District Court instead of the Supreme Court, or where an appeal where life imprisonment has been imposed is taken to this Court instead of the District Court.[3] There are also instances where jurisdiction depends on whether the trial court directly passed on the validity or constitutionality of a statute. Where it is determined that the jurisdiction of the wrong court has been invoked, the rule, and the constitution, as amended, provide for such transfer.[4] The necessity for *718 such a rule was the result of the creation of the District Courts of Appeal in Revised Article V of the Florida Constitution in 1957, and the proscribed jurisdiction of the courts of the appellate system in the constitution. Diamond Berk was written in 1958, shortly after such revision and at a time when the various provisions of the rules, and constitution, and the purposes behind them were fresh in the Court's mind. In Diamond Berk, Mr. Justice Thornal, writing for the Court, said:
"Our conclusion turns on the question as to whether the original filing of a notice of appeal in the appellate court, as distinguished from the filing of such notice in the trial court, confers jurisdiction upon the appellate court." At 129.
Then, proceeding with a discussion of the facts, it is said:
"Diamond Berk Insurance Agency moved to dismiss the appeal, asserting as a ground for the motion the fact that the notice of appeal had been filed in the District Court rather than in the Circuit Court as required by applicable rules. The respondent District Court took the view that the filing of the notice of appeal in the wrong court apparently resulted from a clerical oversight or misprision and did not deprive that court of exercising a reasonable discretion to assume jurisdiction." At 130.
The clear and explicit holding of the Court was:
"Despite what might appear to be the imposition of a hardship, we are compelled to conclude that under applicable rules the timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court. We have on numerous occasions held in similar situations that jurisdiction could not even be conferred by consent of the parties, when the notice of appeal was not filed as required by applicable rules.
.....
"Rule 3.2(a) Florida Appellate Rules, specifically delineates the method for commencing an appeal and prescribes that this shall be accomplished `by filing a notice of appeal ... with the clerk of the lower court.' Rule 3.2(d) clearly states that the filing of the notice and the payment of the filing fee `with the clerk of the lower court' shall give the appellate court jurisdiction of the subject matter and of the parties to the appeal.
.....
"A court has no power to act in the absence of a jurisdictional foundation for the exercise of the power. The timely and proper filing of a notice of appeal is a jurisdictional essential to enable an appellate court to exercise its power." At 130-31.
In Hatcher, supra, decided some 14 years later, on the identical point, the First District Court held:
"The notice of appeal herein not having been timely filed in the office of the clerk of the correct court, we are obliged to grant appellee's motion to dismiss on jurisdictional grounds, insofar as the same purports to best this court with jurisdiction to review the order rendered September 18, 1972, by the County Judge's Court in and for Gadsden County, Florida, in Case No. 2536, therein lately pending. State v. Carroll, 102 So.2d 129 (Fla. 1958)." 270 So.2d 45.
We now reaffirm the holdings in these cases.
We have carefully considered the cases cited by respondents but find them to be inapposite for one reason or another not necessary to discuss here.
Reversed and remanded with directions to the District Court to issue the rule nisi in prohibition in accordance with the provisions of Fla.App. Rule 4.5(d)(2), to the Circuit Court of Dade County, prohibiting further action in such attempted appeal.
Reversed and remanded.
*719 OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD and KARL, JJ., dissent.
NOTES
[*] The following opinion and judgment by Drew, J. (Ret.), prepared prior to his death on February 9, 1978, is hereby adopted as the opinion and judgment of this Court.
[1] When the jurisdiction of an appellate court has been improvidently invoked, that court may of its own motion or on motion of either party to the cause enter an order transferring it to the court having jurisdiction. Five days' notice of such motion or proposed action shall be given to the other parties. Notices of appeal and other papers filed prior to the transfer shall have the same force and effect as if filed in the proper court and as of the time when filed in the court from which the transfer was made. Also, see Art. V, § 2(a), Fla. Const.
[2] Art. V, § 3(b)(2), Fla. Const.  When provided by general law, shall hear appeals from final judgments and orders of trial courts imposing life imprisonment or final judgments entered in proceedings for the validation of bonds or certificates of indebtedness.
[3] Art. V, § 4(b)(1), Fla. Const.  District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts, including those entered on review of administrative action, not directly appealable to the supreme court or a circuit court. They may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court.
[4] Art. V, § 2(a), Fla. Const.  The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administration supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature.