364 So.2d 469 (1978)
Julia McCain LAMPKIN-ASAM, Petitioner,
v.
DISTRICT COURT OF APPEAL, Third District, Respondent.
No. 54134.
Supreme Court of Florida.
November 9, 1978.
Tobias Simon, Miami, and Andrew A. Graham and Joan H. Bickerstaff, Cocoa, for petitioner.
S. Harold Skolnick, Miami, for respondent.
*470 SUNDBERG, Justice.
By petition for writ of mandamus, we are asked to determine whether Florida Rule of Appellate Procedure 9.040(b), the 1977 revision of Florida Appellate Rule 2.1 a.(5)(d), alters the result reached in Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978).[1] In that case this Court held that the failure to file timely a notice of appeal in the lower tribunal deprived the appellate court of jurisdiction, even though the notice was filed in an otherwise timely fashion but in the district court of appeal. We have jurisdiction pursuant to Article V, Section 3(b)(5), Florida Constitution.
Petitioner was the plaintiff in a libel action in the Circuit Court of Dade County. On March 8, 1978, the trial court entered a final judgment in favor of one of the three defendants.
Thereafter, petitioner sought to appeal the adverse judgment by mailing a notice of appeal on April 5, 1978, two days prior to the thirty-day jurisdictional time limit.[2] However, the notice was inadvertently sent to the District Court of Appeal, Third District, rather than to the Circuit Court of Dade County. Upon receipt the clerk of the district court mailed the notice to the clerk of the circuit court, who in turn filed the notice on April 14, 1978. On April 19, 1978, the District Court of Appeal, Third District, dismissed the appeal as not timely filed.
Petitioner maintains that Florida Rule of Appellate Procedure 9.040(b) supersedes Florida Appellate Rule 2.1 a.(5)(d) and the rationale underlying Southeast First National Bank v. Herin, supra, State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, supra, and In re Estate of Hatcher, supra. It is argued that Rule 2.1 was broadened in the new rules so as to protect from dismissal notices which are filed in the wrong court.
We cannot agree with this contention. Florida Rule of Appellate Procedure 9.040(b) in no way altered the meaning or effect of Rule 2.1 a.(5)(d) or the cases construing it except as stated in the committee notes with respect to the results reached in Nellen v. State, 226 So.2d 354 (Fla.1st DCA 1969), and Engel v. City of North Miami, 115 So.2d 1 (Fla. 1959), which have no application here. Hence Southeast First National Bank, Diamond Berk Insurance Agency, and Hatcher, supra, are dispositive of the issue before us.
The reasoning of the late Mr. Justice Drew in Southeast First National Bank, supra, ably demonstrates why Florida Rule of Appellate Procedure 9.040(b) is inapplicable to this case:
This rule was designed to permit the transfer of cases where the appeal is taken to the wrong appellate court. For instance, where an appeal in a bond validation proceeding is taken to the District Court of Appeal instead of to the Supreme Court, or where an appeal in a case where the death penalty has been imposed is taken to the District Court instead of the Supreme Court, or where an appeal where life imprisonment has been imposed is taken to this Court instead of the District Court. There are also instances where jurisdiction depends on whether the trial court directly passed on the validity or constitutionality of a statute. Where it is determined that the jurisdiction of the wrong court has been invoked, the rule, and the constitution, as amended, provide for such transfer. The necessity for such a rule was the result of the creation of the District Courts of Appeal in Revised Article V of the Florida Constitution in 1957, and the proscribed [sic] jurisdiction of the courts of the appellate system in the constitution.
357 So.2d at 717-718 (citations omitted).
Inasmuch as the transfer provision of Florida Rule of Appellate Procedure 9.040(b) *471 does not apply herein, the untimely filing of the notice of appeal constitutes a jurisdictional defect depriving the district court of jurisdiction to entertain petitioner's appeal:
[T]he timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court.
* * * * * *
A court has no power to act in the absence of a jurisdictional foundation for the exercise of the power.
State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, 102 So.2d at 130, 131.
Had there been any intent by adoption of the new appellate rules to authorize indiscriminate filing of notices of appeal in any tribunal, Florida Rule of Appellate Procedure 9.110(b) would not provide that jurisdiction of an appellate court shall be invoked by filing a notice "with the clerk of the lower tribunal."[3]
There being no legal basis for the relief sought, the petition for writ of mandamus is hereby denied, and the order to show cause heretofore issued is quashed.
It is so ordered.
ADKINS, Acting C.J., and BOYD, OVERTON, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] The Court in Southeast reaffirmed the holdings in State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, 102 So.2d 129 (Fla. 1958), and In re Estate of Hatcher, 270 So.2d 45 (Fla.1st DCA 1972).
[2] Fla.R.App.P. 9.110(b).
[3] Fla.R.App.P. 9.110(b) provides:

"Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."