537 So.2d 96 (1989)
R.S. JOHNSON, Petitioner,
v.
CITIZENS STATE BANK, etc., Respondent.
Sam SPECTOR, et al., Petitioners,
v.
TRANS WORLD AIRLINES, INC., Respondent.
Nos. 71877, 72448.
Supreme Court of Florida.
January 5, 1989.
Bill A. Corbin, Blountstown, for R.S. Johnson.
Sam and Betty Spector, Royal Palm Beach, in pro. per.
Frank A. Baker and Glenda F. Swearingen, Marianna, for Citizens State Bank.
Daniel F. Beasley of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for Trans World Airlines, Inc.
BARKETT, Justice.
We have for review Johnson v. Citizens State Bank, 518 So.2d 410 (Fla. 1st DCA *97 1988), and Spector v. Trans World Airlines, Inc., 523 So.2d 704 (Fla. 4th DCA 1988), in which the district courts certified the following question to be of great public importance:[1]
When a party seeks appellate review of a nonappealable order, and assuming that the notice of appeal is timely filed in the lower tribunal, must the notice of appeal be filed in the appellate court within 30 days of rendition of the order in order for the appellate court to have jurisdiction to treat the notice as a petition for writ of certiorari?
We answer the certified question in the negative and quash the decisions of the district courts.
Initially, Johnson and the Spectors sought relief in their respective county courts, lost, and then appealed to the circuit court. Unsuccessful in the circuit court, they then attempted to perfect a plenary appeal in the district court by filing a notice of appeal with the circuit court clerk. Although the notices of appeal were filed within thirty days, the circuit court clerks did not transmit the notices to the respective district courts within thirty days from the rendition of the orders sought to be reviewed. The Johnson court dismissed the appeal because its jurisdiction had not been timely invoked. The Spector court did likewise, relying upon Johnson.
All parties now agree that the orders were not reviewable by plenary appeal and that review is available, if at all, by certiorari under article V, section 4(b)(3), Florida Constitution. Appellate certiorari is the appropriate remedy to review "final orders of circuit courts acting in their review capacity." Fla.R.App.P. 9.030(b)(2)(B). Original jurisdiction of the appellate court is invoked for this purpose "by filing a petition ... with the clerk of the court deemed to have jurisdiction," that is, with the clerk of the district court. Fla.R.App.P. 9.100(b).
Citizens State Bank and Trans World Airlines contend that because the notices of appeal were not timely filed in the district court, Johnson and the Spectors are not entitled to relief. Johnson and the Spectors argue that under Florida's Constitution a timely filing of a notice of appeal with the circuit court clerk is legally effective to vest jurisdiction in the district court. We are compelled to agree.
Article V, section 2(a), of our Constitution, provides:
The supreme court shall adopt rules for the practice and procedure in all courts including ... the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.
In response to that provision, the Court adopted Florida Rule of Appellate Procedure 9.040(b) and (c). Subsection (b) provides that "[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court," and subsection (c) provides that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought... ."
There is no question that an appellate court has jurisdiction to review a cause even though the form of appellate relief is mischaracterized. Thus, district courts have considered as petitions for writs of certiorari, erroneously titled notices of appeal. See, e.g., Hillsborough County v. Marchese, 519 So.2d 728 (Fla. 2d DCA 1988), cause dismissed, 526 So.2d 75 (Fla. 1988); Nunez v. Gonzalez, 456 So.2d 1336, 1339 (Fla. 2d DCA 1984); Sunshine Dodge, Inc. v. Ketchem, 445 So.2d 395, 396 (Fla. 5th DCA 1984); Wingate v. Department of Highway Safety and Motor Vehicles, 442 So.2d 1023, 1024 (Fla. 5th DCA 1983); Hackenberg v. Artesian Pools of East Florida, Inc., 440 So.2d 475 (Fla. 5th DCA 1983); Radio Communications Corp. v. Oki Electronics of America, Inc., 277 So.2d 289, 290 (Fla. 4th DCA 1973).[2] Indeed, a district court shall not dismiss a timely filed notice of appeal, if upon consideration, the court concludes that relief would be *98 warranted under a petition. Art. V, § 2(a), Fla. Const.; Fla.R.App.P. 9.040(c).
In these cases, as in Johnson and Spector, the notice of appeal would have been filed in the circuit court since the applicants erroneously perceived their appeal to be one of right. Obviously, filing of the notice of appeal in these cases was sufficient to confer jurisdiction on the district court to consider the appropriate remedy. Once the district court's jurisdiction has been invoked, it cannot be divested of jurisdiction by a hindsight determination that the wrong remedy was sought. See Art. V, § 2(a), Fla. Const. Nor does the district court's jurisdiction depend on the timely transmission of the appeal papers to the district court by the clerk of the circuit court, for it is the action of the claimant which invokes the jurisdiction of a court. See Fla.R.App.P. 9.040.
Accordingly, we hold that article V, section 2(a) prohibits a district court from dismissing as untimely a timely notice of appeal filed with the clerk of the circuit court, which should be considered as a petition for a writ of certiorari. We note that the district courts below relied upon Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978), which in turn relied upon Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978). To the extent of conflict with our decision today, we recede from Lampkin-Asam and Southeast First National Bank of Miami.
We answer the certified question in the negative, quash the decisions below, and remand to the district courts to consider petitioners' claims on the merits and determine whether certiorari is otherwise warranted.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have discretionary jurisdiction under article V, section 3(b)(4), Florida Constitution.
[2] District courts have also considered as notices of appeal, erroneously titled petitions for writs of certiorari. See, e.g., Pearce v. Parsons, 414 So.2d 296, 296 n. 1 (Fla. 2d DCA 1982).