561 So.2d 260 (1990)
Jeffrey SKINNER, Petitioner,
v.
Lisa SKINNER, Respondent.
No. 74149.
Supreme Court of Florida.
May 3, 1990.
Michael K. Davis, Davie, for petitioner.
Caryn S. Grainer of Caryn S. Grainer, P.A., Hollywood, for respondent.
KOGAN, Justice.
We have for review Skinner v. Skinner, 541 So.2d 176 (Fla. 4th DCA 1989), in which *261 the district court certified to this Court the following issue as a question of great public importance:
Does a district court of appeal have jurisdiction to consider a petition for certiorari filed therein to review a non-final order which is reviewable by appeal where no notice of appeal was filed in the trial court?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the certified question in the affirmative and quash the decision of the district court.
Petitioner, Jeffrey Skinner, filed a petition for dissolution of marriage against respondent, Lisa Skinner. On August 20, 1987, the trial court entered an order directing benefits to respondent. Among such matters was an order for payment of a medical bill for chiropractic services rendered to respondent. Petitioner failed to make such payments and on December 30, 1987, an order was entered granting respondent's motion for contempt enforcing payment of the medical bill.
On February 1, 1988, the parties entered into a property settlement agreement and on February 8, 1988, an uncontested final hearing was held for final judgment of dissolution of marriage. The final order incorporated the property settlement agreement. However, petitioner failed to comply with the December 30, 1987, order and as a result respondent filed a motion for contempt on March 31, 1988. This motion was heard and denied on April 27, 1988, for lack of jurisdiction. Respondent then filed a motion for rehearing which was also denied on May 24, 1988.
Respondent then filed motion for relief from judgment and on November 14, 1988, the trial court entered an order granting this motion thereby ordering petitioner to pay respondent's chiropractic bill. Petitioner sought review of this order by petition for certiorari to the Fourth District Court of Appeal. The district court held that the trial court's order was designated nonfinal because immediate monetary relief was awarded in a domestic relations matter, and review thus must be by direct appeal. Accordingly, the petition for certiorari was dismissed for failure to properly invoke the jurisdiction of the district court.
The district court reached this conclusion on authority of Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978), receded from, Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989). In that case petitioner sought to appeal an adverse judgment by mailing a notice of appeal two days prior to the thirty-day jurisdictional time limit. However, the notice was inadvertently sent to the district court rather than to the circuit court. Upon receipt, the clerk of the district court mailed the notice to the clerk of the circuit court, who in turn filed the notice. However, such filing was untimely and as a result the district court dismissed the appeal. On appeal, relying upon Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978), receded from, Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989), this Court agreed and held that the untimely filing of a notice of appeal constitutes a jurisdictional defect depriving the district court of jurisdiction. Lampkin-Asam, 364 So.2d at 471.
Although the district court held that Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989), does not compel a contrary decision in this case, we believe otherwise. In Johnson, petitioners sought relief in their respective county courts, lost, and then appealed to the circuit court. Unsuccessful in the circuit court, they then filed a notice of appeal with the circuit court clerk within thirty days. However, the circuit court clerk did not transmit the notices to the respective district courts within thirty days from the rendition of the orders sought to be reviewed. As a result, both district courts dismissed the appeals because jurisdiction had not been timely invoked. On appeal, this Court held that a timely filed notice of appeal with the circuit court clerk is legally effective to vest jurisdiction in the district court in order to consider the appropriate remedy. Id. at 97.
Respondent contends that the district court did not err in dismissing petitioner's writ of certiorari because a notice of appeal was not filed in a lower tribunal. However, *262 petitioner argues that no substantive reason exists for having to file a piece of paper with the clerk of the circuit court which will automatically be forwarded to the district court, especially when the reverse circumstance, district courts accepting notice of appeals filed in circuit court as petitions for certiorari, has long been exercised. We agree.
All parties now agree that the order in question was a non-final order because it gave respondent a right to immediate monetary relief in a domestic relations matter. Fla.R.App.P. 9.130(a)(3)(C)(iii). As a result, the jurisdiction to seek review of such an order could only be invoked by filing with the clerk of the lower tribunal within thirty days of rendition of the order. Fla.R. App.P. 9.130(b).
However, article V, section 2(a), of the Florida Constitution provides that:
The supreme court shall adopt rules for the practice and procedure in all courts including ... the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.
Furthermore, in response to this provision, this Court adopted Florida Rules of Appellate Procedure 9.040(b) and (c). Subsection (b) provides that "if a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court," and subsection (c) provides that "if a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought."
The facts of this case are clear. It was the mistaken view of petitioner that the postjudgment order granted in this case was, by its nature and content, final and therefore an appropriate matter for review by certiorari. As a result, petitioner filed with the district court a petition for certiorari instead of a notice of appeal with the circuit court. There is no question that an appellate court has jurisdiction to review a cause even though the form of appellate relief is mischaracterized. Johnson, 537 So.2d at 97. As a result, we believe that petitioner's timely filed application for certiorari in the district court was sufficient to invoke that court's appellate jurisdiction.
In Johnson, this Court held that the filing of a notice of appeal in the circuit court was sufficient to confer jurisdiction on that appellate court in order to consider the appropriate remedy. We find no distinguishable difference between that scenario and allowing a petition for certiorari filed in the district court to confer jurisdiction on that appellate court in order to consider the appropriate remedy. We believe that once the district court's jurisdiction has been invoked, it cannot be divested of jurisdiction by a hindsight determination that the wrong remedy was sought by a notice or petition filed in the wrong place. See Art. V, § 2(a), Fla. Const.
As we have already noted, the district court below relied upon Lampkin-Asam, which in turn relied upon Southeast First National Bank of Miami, to decide this case. To the extent of conflict with the decision today, we recede from Lampkin-Asam and Southeast First National Bank of Miami. Accordingly, we hold that a district court of appeal has jurisdiction to consider the appropriate remedy in a case even when a petition for certiorari is filed therein to review a non-final order for which no notice of appeal was filed in the trial court. Article V, section 2(a) of our constitution prohibits a district court from dismissing a petition for writ of certiorari filed with the clerk of the district court, which should have been a notice of appeal filed in the circuit court. Even though the form of appellate relief was mischaracterized in this case, and even though it was filed in the wrong court, there is no question that the district court in this instance had jurisdiction to consider the appropriate remedy.
We answer the certified question in the affirmative, quash the decision below, and remand to the district court to consider petitioner's claim for relief.
It is so ordered.
*263 EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and GRIMES, JJ., concur.