PER CURIAM.
This court, sua sponte, issued an order to show cause why this appeal should not be dismissed for failure to timely file the notice of appeal. Upon consideration of appellant’s response to the court’s show cause order, we dismiss the appeal.
Appellant, proceeding pro se, filed a notice of appeal in the circuit court on August 17, 1990. The notice stated that the order being appealed was rendered on July 9, 1990. Because the notice on its face indicated that it was filed more than 30 days after the date of rendition of the order to be reviewed, we issued an order to show cause why the appeal should not be dismissed for failure to timely file the notice of appeal. See In the Interest of M.L.M., 564 So.2d 1222 (Fla. 1st DCA 1990). Appellant’s response admitted that the notice was not filed in the circuit court until after the time for filing the notice of appeal had expired. Appellant argued, however, that he did timely file a notice of appeal. Appellant’s response stated that he filed a notice of appeal in this court on August 8, 1990. Our clerk, in a letter dated August 10, 1990, returned the notice to appellant with instructions that the notice had to be filed in the circuit court. Appellant states that *1346 upon receipt of that letter he filed a new notice in the circuit court. That notice was the one received August 17.
Until recently, the law was well settled that to invoke the jurisdiction of this court, when appealing from an order of the circuit court, an appellant had to file a notice of appeal in the circuit court within 30 days of the date of rendition of the order to be reviewed.[1] Lampkin-Asam v. District Court of Appeal, 364 So.2d 469, 471 (Fla. 1978); See Southeast First National Bank of Miami v. Herin, 357 So.2d 716, 717-718 (Fla.1978). However, our supreme court in two separate cases recently receded from Lampkin-Asam and Southeast First National Bank of Miami “to the extent of conflict with our decision[s] today.” Skinner v. Skinner, 561 So.2d 260, 262 (Fla. 1990) and Johnson v. Citizens State Bank, 537 So.2d 96, 98 (Fla.1989). But our review of Skinner, Johnson, Lampkin- Asam and Southeast First National Bank of Miami leads us to believe that the law has not changed concerning the timely filing of the notice of appeal in the proper court.
In Southeast First National Bank of Miami, the losing party in a county court action sought to invoke the jurisdiction of the circuit court, in its appellate capacity, and filed a notice of appeal. The notice of appeal, although timely, was filed in the district court of appeal. The appellee sought a writ of prohibition in the district court seeking to prohibit the circuit court from acting. The district court denied relief. The supreme court granted certiorari and reversed the decision of the district court. The supreme court specifically rejected respondent’s argument that Florida Rule of Appellate Procedure 2.1(a)(5)(d)[2] required the district court to transfer the action to the proper court. The court held the rule was not applicable. “[The] rule was designed to permit the transfer of cases [between appellate courts] where the appeal is taken to the wrong appellate court.” Id. at 717. The court reaffirmed its decision in State ex rel. Diamond Berk Ins. Agency, Inc. v. Carroll, 102 So.2d 129, 130 (Fla.1958) which held “the timely filing of the notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court.” Id. at 717. (Emphasis added).
In Lampkin-Asam the supreme court decided the exact issue now before us, whether the timely filing of the notice of appeal in the district court, but not in the circuit court, invokes the jurisdiction of the district court. In Lampkin-Asam, as here, the notice of appeal was sent directly to the district court by the appellant and received before expiration of the 30 day appeal period. The only difference between the facts here and in Lampkin-Asam is that our clerk returned the notice directly to appellant, while in Lampkin-Asam the district court clerk mailed the notice directly to the circuit court clerk. Obviously a difference without distinction. In both cases the notice of appeal reached the circuit court late. In Lampkin-Asam the appellant attempted to distinguish the supreme court’s holdings in Southeast First National Bank of Miami and Diamond Berk by arguing that newly enacted Florida Rule of Appellate Procedure 9.040(b) precluded the district court from dismissing the appeal. That rule provides that “[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.” Lampkin-Asam argued that the district court was required to transfer the case to the circuit court, instead of dismissing it. The supreme court rejected that argument. The court held that Rule 9.040(b), just like Rule 2.1(a)(5)(d), was designed to “permit the transfer of cases [between appellate courts] where the appeal is taken to the *1347 wrong appellate court.” Id. at 470, citing Southeast First National Bank v. Herin, 357 So.2d at 717. The court also reaffirmed Diamond Berk, again stating: “The timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court.” 364 So.2d at 471. (Emphasis added).
The first case in which the supreme court “receded” from Lampkin-Asam and Southeast First National Bank was Johnson v. Citizens State Bank. In that case Johnson filed suit in county court, lost, appealed to the circuit court, lost again, and then appealed to the district court. Johnson filed the notice of appeal in the circuit court. This court dismissed the appeal holding that Johnson’s only possible entitlement to relief was by way of certio-rari and since Johnson had not filed an original writ, or any other document, in this court within the 30 day time period,[3] this court’s jurisdiction had not been invoked. This court certified the following question to the supreme court:
When a party seeks appellate review of a nonappealable order, and assuming that the notice of appeal is timely filed in the lower tribunal, must the notice of appeal be filed in the appellate court within 30 days of rendition of the order in order for the appellate court to have jurisdiction to treat the notice of appeal as a petition for writ of certiorari.
On review, the supreme court answered the certified question in the negative. The court held that the timely filing of the notice of appeal in the circuit court invoked the jurisdiction of this court to consider the proper remedy, i.e., a petition for writ of certiorari, thus dismissal was improper. Id. at 98.
In Skinner the trial court, in a dissolution proceeding, entered an order requiring the husband to pay the chiropractic bills of the wife. The husband timely filed a petition for writ of certiorari in the district court. The district court dismissed the petition holding that the order was an order which provided for immediate monetary relief and therefore was an appealable non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C) (iii). Since the husband had failed to timely file a notice of appeal in the circuit court, the court ruled it had no jurisdiction. On review, the supreme court reversed. The supreme court agreed that the proper remedy was appeal of a non-final order; however, the supreme court held the petition should not have been dismissed because the petition invoked the jurisdiction of the court to consider the proper remedy, i.e., appeal of a non-final order. Id. at 261.
In both Johnson and Skinner, the document which appellant/petitioner did file— even though it was incorrect as to remedy — was sufficient to invoke the appellate court’s jurisdiction. The court’s jurisdiction having been invoked, the court could then consider the proper remedy.
In.this case, the notice of appeal which appellant filed in this court did not invoke the jurisdiction of this court. Johnson and Skinner do not apply. The notice of appeal filed in the circuit court was not timely and did not invoke the jurisdiction of this court. Lampkin-Asam, 364 So.2d at 470; Southeast First National Bank of Miami, 357 So.2d at 718; Diamond Berk, 102 So.2d at 130-131.
A timely notice of appeal having not been filed in the proper court, this appeal is hereby dismissed.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.

. Rule 9.140 APPEAL PROCEEDINGS IN CRIMINAL CASES
[[Image here]]
(b) Appeals by Defendant
[[Image here]]
(2) Commencement: The defendant shall file the notice prescribed by Rule 9.110(d) with the clerk of the lower tribunal....
(Emphasis added).

. That rule provided:
When the jurisdiction of an appellate court has been improvidently invoked that court may ... enter an order transferring it to the court having jurisdiction....

. Rule 9.100(c) requires that a petition for common law certiorari be filed in the appellate court within 30 days of rendition of the order to be reviewed.