GRIMES, Justice.
First Fidelity Bank, N.A., New Jersey, petitions this Court for a writ of mandamus to be issued to the District Court of Appeal, Fourth District. We have jurisdiction under article V, section 3(b)(8) of the Florida Constitution.
Adele M. Laflin named First Fidelity Bank as a testamentary trustee in her will. Following her death, her personal representative petitioned the probate court for instructions on whether First Fidelity, as an out-of-state bank, was competent to serve as a trustee of a testamentary trust established by a will probated in Florida. On August 16, 1989, the trial court ruled that First Fidelity was not competent to serve as a trustee under section 660.41, Florida Statutes (1989).
On September 12, 1989, First Fidelity sought review of the decision by filing a petition for common law certiorari with the Fourth District Court of Appeal. The personal representative sought dismissal of the petition because Florida Rule of Probate and Guardianship Procedure 5.100 provides for review of such orders by filing a notice of appeal in the trial court. The district court of appeal dismissed the petition for lack of jurisdiction. The court denied First Fidelity’s motion for clarification, certification, or vacation of the order “on the authority of Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla.1978).” First Fidelity then petitioned this Court for a writ of mandamus.
In Skinner v. Skinner, 561 So.2d 260 (Fla.1990), we recently held that a district court of appeal has jurisdiction to consider a petition for certiorari timely filed therein to review a nonfinal order which is reviewable by appeal even though no notice of appeal was filed in the trial court. Skinner, 561 So.2d at 262. We also noted that we further receded from the decision in Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla.1978), receded from, Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989), to the extent it conflicted with our opinion. While Skinner involved a nonfinal order and the order in the instant case was final for purposes of appeal, this is a distinction without a difference.
We hold that the district court of appeal could not dismiss the petition for certiorari for lack of jurisdiction simply because First Fidelity failed to seek the appropriate remedy for appellate review. Mandamus is a proper vehicle to compel a lower court to exercise its nondiscretionary jurisdiction. Sky Lake Gardens Recreation, Inc. v. District Court of Appeal, Third District, 511 So.2d 293 (Fla.1987). Therefore, the petition for a writ of mandamus is granted.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, EHRLICH, BARKETT and KOGAN, JJ., concur.