PER CURIAM.
Petitioners suffered an adverse judgment in the county court and appealed to the circuit court, which affirmed. Subsequently, petitioners filed a petition for writ of certiorari which sought to “invoke the Certiorari jurisdiction of the District Court of Appeal to review the decision” of the circuit court; however, the caption of the petition listed the name of the court as the Seventeenth Judicial Circuit; and the petition was filed there rather than here.
Respondent moved the circuit court to dismiss the petition for writ of certiorari for lack of jurisdiction, and petitioners responded by filing a motion to transfer the case to this court. The circuit court granted the motion to dismiss, but failed to rule on the motion for transfer. Petitioners next filed a motion for rehearing or clarification, again asking the court to transfer the case to this court, which was denied.
Petitioners then filed here a petition for writ of mandamus, naming as respondents the circuit judge who made the above rulings and the present respondent.
We treat the present petition for writ of mandamus as a petition for writ of certio-rari. See Fla.R.App.P. 9.040(c). The circuit judge is sua sponte stricken as a respondent.
The circuit court departed from the essential requirements of law in dismissing and failing to transfer the case. See Fla.R. App.P. 9.040(b); Skinner v. Skinner, 561 So.2d 260 (Fla.1990); In re Estate of Grant v. Grant, 111 So.2d 865 (Fla. 2d DCA 1960).
Accordingly, we grant the instant petition for writ of certiorari, quash the trial court’s orders granting respondent’s motion to dismiss and denying petitioners’ motion for rehearing or clarification, and direct that the misfiled petition for writ of certiorari be transferred to this court.
GLICKSTEIN, GUNTHER and FARMER, JJ., concur.