ON MOTION FOR REVIEW OF JUDGMENT ASSESSING COSTS
PER CURIAM.
We have considered J. Brailey Odham’s Motion for Review of Judgment Assessing Costs. The post-judgment award includes costs incurred both at the trial level and in the appeal of the final judgment. The distinction between the costs is important in determining the procedure to be used for review of an award of costs. Odham properly followed the procedure prescribed by rule 9.400(c), Florida Rules of Appellate Procedure, as to the costs incurred in the appeal, but incorrectly used that same procedure to appeal the costs incurred at the trial level. An award of trial costs is ap-pealable pursuant to rule 9.130(a)(4), Florida Rules of Appellate Procedure. See Altamonte Hitch & Trailer Serv., Inc. v. U-Haul Co. of Eastern Fla., 483 So.2d 852 (Fla. 5th DCA 1986). This court does not have jurisdiction to review the costs in *35 curred in the trial court since Odham did not file a notice of appeal of the award of those costs. Lampkin-Asam v. District Court of Appeal, Third District, 364 So.2d 469 (Fla.1978), receded from, Skinner v. Skinner, 561 So.2d 260 (Fla.1990), and Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989); Southeast First Nat’l Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978), receded from, Skinner, Johnson.
We find no error in the award of costs incurred in the prior appeal reported. in Wallace v. Odham, 579 So.2d 171 (Fla. 5th DCA 1991).
DAUKSCH, COBB and PETERSON, JJ., concur.