588 So.2d 1065 (1991)
Cayetano F. ALFONSO and Sunland Estates, Inc., Appellants,
v.
STATE of Florida DEPARTMENT OF ENVIRONMENTAL REGULATION, Appellee.
No. 91-970.
District Court of Appeal of Florida, Third District.
November 12, 1991.
Manuel A. Cuadrado, Miami, for appellants.
Francine M. Ffolkes, Asst. Gen. Counsel, Tallahassee, for appellee.
Before HUBBART, FERGUSON and GODERICH, JJ.
PER CURIAM.
The question presented by this appeal is whether a district court of appeal has jurisdiction to entertain an appeal from a final judgment of a circuit court where, as here, (1) the appellant erroneously files a notice of appeal with the district court, rather than the circuit court, and (2) the appellant takes no corrective action to file the notice of appeal in the circuit court within thirty days of the rendition of the final judgment. Based on the controlling and indistinguishable authority of Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978), we conclude that the district court has no jurisdiction to entertain such an appeal, and, accordingly, we dismiss the instant appeal sua sponte for lack of jurisdiction.
*1066 We recognize that the Florida Supreme Court has recently receded from Lampkin-Asam to the extent that it might conceivably prohibit a district court of appeal from (1) entertaining a timely notice of appeal filed in the circuit court as a timely petition for certiorari, Johnson v. Citizens State Bank, 537 So.2d 96, 98 (Fla. 1989), and vice versa, (2) from entertaining a timely petition for certiorari filed in the district court as a timely notice of appeal, Skinner v. Skinner, 561 So.2d 260, 262 (Fla. 1990). The narrow holding of Lampkin-Asam, however, has never been overruled and requires that we dismiss the instant appeal. Hoffman v. Jones, 280 So.2d 431, 433-34 (Fla. 1973).
Nonetheless, we agree that the continuing validity of Lampkin-Asam's narrow holding may be open to question in view of the Johnson and Skinner cases. We accordingly certify the question stated at the outset of this opinion as being one of great public importance so as to permit further review of this decision by the Florida Supreme Court pursuant to Article V, Section 3(b)(4) of the Florida Constitution.
Appeal dismissed; question certified.