616 So.2d 44 (1993)
Cayetano E. ALFONSO, et al., Petitioners,
v.
DEPARTMENT OF ENVIRONMENTAL REGULATION, Respondent.
No. 79096.
Supreme Court of Florida.
April 1, 1993.
*45 Manuel A. Cuadrado, Hinshaw & Culbertson, and Roy D. Wasson, Miami, for petitioners.
Francine M. Ffolkes, Asst. Gen. Counsel, Tallahassee, for respondent.
HARDING, Justice.
We have for review Alfonso v. State Department of Environmental Regulation, 588 So.2d 1065 (Fla. 3d DCA 1991), in which the Third District Court of Appeal certified the following question as one of great public importance:
[W]hether a district court of appeal has jurisdiction to entertain an appeal from a final judgment of a circuit court where, as here, (1) the appellant erroneously files a notice of appeal with the district court, rather than the circuit court, and (2) the appellant takes no corrective action to file the notice of appeal in the circuit court within thirty days of the rendition of the final judgment.
Id. at 1065. We have jurisdiction based on article V, section 3(b)(4) of the Florida Constitution and answer the question in the affirmative.
On April 16, 1991, the circuit court in Monroe County rendered a final judgment against Cayetano E. Alfonso. On April 22, 1991, Alfonso's attorney erroneously filed a Notice of Appeal with the clerk of the Third District Court of Appeal instead of filing the notice with the clerk of the circuit court as required by Florida Rule of Appellate Procedure 9.110(b).[1] The clerk of the district court accepted the Notice of Appeal and did not return it to Alfonso's attorney or transfer the notice to the lower tribunal pursuant to Florida Rule of Appellate Procedure 9.040(b).
After discovery of the misfiling, Alfonso filed a "Motion to Transfer Notice of Appeal to Lower Tribunal and Restart Appellate Timetables, or to Deem Filing Sufficient to Invoke Appellate Jurisdiction, and Alternative Motion to Certify Question."[2] Although no objection was asserted by the opposing party, the district court dismissed the appeal. On a motion for rehearing, the district court concluded that it did not have jurisdiction based on the "controlling and indistinguishable authority of Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978)," and thus dismissed the appeal sua sponte. Alfonso, 588 So.2d at 1065. However, the district court noted that the continuing validity of the narrow holding in Lampkin-Asam may be open to question because of this Court's decisions in Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989), and Skinner v. Skinner, 561 So.2d 260 (Fla. 1990). The district court certified the question for resolution and we accepted jurisdiction.
Article V, section 2(a) of the Florida Constitution provides in part:
(a) The supreme court shall adopt rules for the practice and procedure in all *46 courts including ... the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.
This Court adopted Florida Rule of Appellate Procedure 9.040(b) and (c) to implement article V, section 2(a). Rule 9.040(b) provides that "[i]f a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court." Rule 9.040(c) provides that "[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought."
This Court first addressed rule 9.040 in Lampkin-Asam. In Lampkin-Asam, the petitioner sought to appeal an adverse judgment in circuit court by inadvertently mailing a notice of appeal to the district court rather than the circuit court. The notice was received by the district court before the expiration of the thirty-day jurisdictional time limit. The clerk of the district court mailed the notice to the clerk of the circuit court, who in turn filed the notice after the expiration of the jurisdictional time limit. Upon receiving the notice of appeal from the circuit court, the district court dismissed the appeal as untimely.
In approving the district court's dismissal, this Court relied on the rationale in Southeast First National Bank v. Herin, 357 So.2d 716 (Fla. 1978). In Southeast First National Bank, this Court stated that the rule of appellate procedure that required a transfer of cases "was designed to permit the transfer of cases where the appeal is taken to the wrong appellate court."[3]Id. at 717. Applying Southeast First National Bank to the facts of Lampkin-Asam, this Court found that rule 9.040 was inapplicable where a petitioner failed to invoke appellate jurisdiction by erroneously filing a notice of appeal in the district court. Thus, the Court in Lampkin-Asam held that an untimely filing of a notice of appeal in the circuit court constitutes a jurisdictional defect that deprives the district court of jurisdiction.
The Court next considered rule 9.040 in Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989). In Johnson, the petitioner sought relief in county court, lost, and then appealed to the circuit court. The petitioner lost the direct appeal in the circuit court and then attempted to perfect a plenary appeal in the district court by filing a timely notice of appeal with the circuit court. Rather than filing a notice of appeal with the circuit court, the petitioner should have filed a petition for certiorari in the district court. The clerk of the circuit court did not transmit the notice of appeal to the district court within the thirty-day jurisdictional time limit. Consequently, the district court dismissed the appeal because its jurisdiction had not been timely invoked.
This Court reversed the dismissal and held that
article V, section 2(a) prohibits a district court from dismissing as untimely a timely notice of appeal filed with the clerk of the circuit court, which should be considered as a petition for a writ of certiorari.
Id. at 98. Consequently, this Court receded from Lampkin-Asam and Southeast First National Bank to the extent that the opinions were inconsistent with Johnson. Johnson, 537 So.2d at 98.
In Skinner v. Skinner, 561 So.2d 260 (Fla. 1990), the petitioner filed a petition for certiorari in the district court seeking review of a trial court's non-final order granting immediate monetary relief awarded in a domestic relations matter. The district court found that because the trial court's order was a non-final order, review must be by a direct appeal initiated by filing a notice of appeal in the circuit court. Consequently, the district court dismissed the case because the petitioner had not invoked the district court's jurisdiction. This Court reversed and held

*47 that a district court of appeal has jurisdiction to consider the appropriate remedy in a case even when a petition for certiorari is filed therein to review a non-final order for which no notice of appeal was filed in the trial court.
Id. at 262.
Our review of the case law shows that the Court has significantly receded from Lampkin-Asam and Southeast First National Bank. Reading Johnson and Skinner together, the rule of law is that, pursuant to article V, section 2(a) of the Florida Constitution, appellate jurisdiction is invoked when a petitioner timely files a notice of appeal or petition for certiorari.
The instant case is factually similar to Lampkin-Asam: 1) both notices of appeal stated the correct appellate relief sought; 2) both notices of appeal were filed in the wrong court; and 3) both notices of appeal were not transferred to the proper court before the expiration of the jurisdictional time limit. The district courts that have addressed facts similar to Lampkin-Asam have split on whether appellate jurisdiction was invoked. Compare Beeks v. State, 569 So.2d 1345 (Fla. 1st DCA 1990) (holding that notice of appeal was not timely where the petitioner filed the notice with the clerk of the district court within thirty days after judgment, but the clerk returned the notice with instructions to file the notice in the circuit court and the notice was then filed in circuit court after the jurisdictional time limits had expired) with Sternfield v. Jewish Introductions, Inc., 581 So.2d 987 (Fla. 4th DCA 1991) (holding that the circuit court erred in dismissing and failing to transfer a petition which correctly sought review by certiorari but was filed in the wrong court).
We find that either the Court must recede from Lampkin-Asam or recede from the Johnson and Skinner decisions. We note that if the Court approved the decision below without receding from Johnson and Skinner, appellate jurisdiction would exist if a claimant committed two errors, choosing the wrongly captioned appellate relief and filing the notice of appeal or petition for certiorari in the wrong court; but appellate jurisdiction would not exist when only one error was committed such as filing a correctly captioned notice of appeal or petition for certiorari in the wrong court. The better rule of law is to recede from Lampkin-Asam and hold that an appellate court's jurisdiction is invoked by a timely filing of a notice of appeal or a petition for certiorari in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order. The notice of appeal or petition for certiorari wrongly filed should be transferred to the appropriate court with the date of filing being the date the document was filed in the wrong court.
Accordingly, we quash the decision below and remand the cause for further proceedings consistent with this decision. We also disapprove the opinion in Beeks, and recede from Lampkin-Asam to the extent that it conflicts with this decision.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
I would adhere to Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978).
NOTES
[1] Florida Rule of Appellate Procedure 9.110(b) states:

(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
[2] Alfonso's original attorney misfiled the Notice of Appeal. Present counsel for Alfonso undertook representation after discovery of the misfiling.
[3] We note that Southeast First National Bank v. Herin, 357 So.2d 716 (Fla. 1978), considered the former Florida Appellate Rule 2.1(a)(5)(d), which was revised and renumbered as Florida Rule of Appellate Procedure 9.040 in 1977.