710 So.2d 187 (1998)
Armand DAYAN, Appellant,
v.
H.I. DEVELOPMENT/HOLIDAY INN, Appellee.
No. 98-55.
District Court of Appeal of Florida, First District.
April 29, 1998.
*188 William A. Heller, Hollywood, for appellant.
Robert L. Teitler, of Walton, Lantaff, Schroeder & Carson, Miami, for appellees.

ON APPELLANT'S RESPONSE TO ORDER TO SHOW CAUSE
PER CURIAM.
The notice of appeal in this Worker's Compensation case was timely filed in this court, but the notice was not timely filed with the lower tribunal as required by Florida Rule of Appellate Procedure 9.180(b)(2). Appellant was directed to show cause why the appeal should not be dismissed for lack of jurisdiction. Appellant files a response and a motion to transfer the notice of appeal to the lower tribunal or to deem the filing sufficient to invoke appellate jurisdiction. We discharge the order to show cause and deny the motion to transfer.
The final order of the Judge of Compensation Claims (JCC) was mailed to the parties on November 8, 1997. The notice of appeal was timely filed in this court on December 8, 1997, but was not filed with the JCC until January 2, 1998. Although the notice of appeal was timely filed in this court, it was not timely filed in the lower tribunal as required by rule 9.180(b)(2).
Appellant files a response to the order to show cause and concedes that the notice of appeal was directly filed with this court, rather than with the lower tribunal as contemplated by the rule. Appellant submits that the procedural error made in this case is identical to the error made in Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla.1993). In Alfonso, a notice of appeal was timely filed with the district court, instead of the clerk of the circuit court. The supreme court ruled that an appellate court's jurisdiction is invoked by the timely filing of a notice of appeal in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order. Here, appellant requests that the notice of appeal filed with this court be transferred to the lower tribunal or that his notice of appeal be deemed sufficient to invoke the jurisdiction of this court.
We find the notice of appeal to be timely under Alfonso and we accept jurisdiction. Accordingly, we discharge the order to show cause. We note that rule 9.180(b)(2) was adopted after the supreme court ruled in Alfonso in 1993, but we believe that the principles set forth by the supreme court would apply to the facts of this case. The motion to transfer the notice of appeal to the lower tribunal is denied.
ORDER TO SHOW CAUSE DISCHARGED.
ERVIN, BENTON and PADOVANO, JJ., concur.