*897 COPE, J.
This is an appeal from an order denying a motion titled “Motion for Relief from Purported Voluntary Dismissal.”
The suit involved an action against the defendants for damages arising from a breach of a construction contract. According to the plaintiff,[1] the defendants[2] failed to perform certain construction work at his home. The plaintiff also claimed the contractor was unlicensed and therefore was liable for damages pursuant to section 768.0425, Florida Statutes (2005).
The parties appeared for trial. Before a jury was selected, the parties met with the trial judge to discuss procedural issues. According to the plaintiff, an issue arose as to whether the plaintiff had properly pled his claim for treble damages pursuant to section 768.0425. The plaintiff interpreted the court’s remarks as meaning that his damages claim would be stricken by the court.[3]
At that point, the plaintiffs counsel requested leave to confer with his client about whether to voluntarily dismiss the action. Upon returning to the healing, the plaintiffs attorney stated “The plaintiff will — or I guess through this act is filing a voluntary dismissal without prejudice.”'[4] Then, in response to a question from defense counsel, the plaintiffs counsel said “[a]nd I’ll file a pleading to this effect.” The proceedings terminated at that point.
Thereafter, the defendants filed a motion for attorneys’ fees and costs. Upon receiving the motion, rather than filing the notice of voluntary dismissal as promised to the court and to counsel, the plaintiff filed his “Motion for Relief from Purported Voluntary Dismissal.” The plaintiff argued that his dismissal in open court was ineffective, that he did not fílé a written notice of voluntary dismissal, and therefore he should be relieved of any dismissal of the action. The court declined to grant relief from the voluntary dismissal and the plaintiff has appealed.
First, we agree with the plaintiff that the oral dismissal was ineffective. That is so because Florida Rule of Civil Procedure 1.420(a)(1) states “[A]n action may be dismissed by plaintiff without order of court (A) before trial by serving, or during trial by stating on the record a notice of dismissal.... ” The Florida Supreme Court has said that trial begins when a jury is selected. See State v. Melendez, 244 So.2d 137 (Fla.1971). The parties here agree that jury selection had not commenced. So, the verbal announcement of dismissal was legally insufficient to dismiss the case. This means that the case remains pending in the trial court.
Second, we must consider our jurisdiction. Because the lawsuit remains pending in the trial court, the order now before us is a nonfinal nonappealable order. We therefore treat the notice of appeal as a petition for writ of certiorari. See Johnson v. Citizens State Bank, 537 So.2d 96, 97-98 (Fla.1989).
Third, we find no departure from the essential requirements of law. In this case, defense counsel specifically asked plaintiffs counsel if he would file a pleading voluntarily dismissing his action and plaintiffs counsel stated that he would. That representation was made on the record both to opposing counsel and the court. The assurance was given after *898 plaintiffs counsel had obtained his client’s consent. We conclude that the plaintiff is bound thereby. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1338 (Fla. 3d DCA 1979); cf. Sayih v. Perlmutter, 561 So.2d 309, 311 (Fla. 3d DCA 1990) (counsel had duty to make accurate representations to the court).
At oral argument, there was a contention that to enforce the voluntary dismissal would amount to re-writing Florida Rule of Civil Procedure 1.420(a)(1) so that a pretrial oral voluntary dismissal would be enforceable even though under Rule 1.420(a)(1) an oral announcement is effective only if trial has begun. If this case only involved an oral pretrial announcement, then we would have a different issue. Here, however, not only did plaintiffs counsel make an oral announcement, he also specifically promised to file a written voluntary dismissal. Plaintiff cannot obtain the benefit he sought — a postponement of trial' — while failing to file the required document he assured opposing counsel and the court he would file.
We deny certiorari and remand the matter to the trial court for the plaintiff to file the voluntary dismissal, failing which the court may dismiss the case without prejudice under Florida Rule of Civil Procedure 1.420(b).
Certiorari denied.
WELLS, J., concurs.

. Jorge Salinas.

. Orlando Medina, Jr., Orlando Medina, Sr., and Maria Medina.

. The plaintiff did not file a complete transcript of this hearing.

. An excerpt of this portion of the hearing was filed below.