NORTHCUTT, Judge.
Michael Micklos was charged with the improper exhibition of a firearm, a first-degree misdemeanor. See § 790.10, Fla. Stat. (2011). He moved to dismiss the charge, claiming immunity from prosecution under section 776.032, Florida Statutes (2011), commonly known as the “Stand Your Ground” law. The county court denied the motion, whereupon Mick-los appealed to the circuit court. That court determined that Micklos was attempting to appeal a nonfinal, nonap-pealable order, and it dismissed the appeal for lack of jurisdiction. Micklos now seeks our certiorari review of that ruling. We *1036 grant the petition and quash the circuit court’s dismissal order.
Our standard of review in a second-tier certiorari case such as this is whether the circuit court acting in its review capacity afforded the litigant procedural due process and applied the correct law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995); City of Tampa v. City Nat’l Bank of Fla., 974 So.2d 408, 410 (Fla. 2d DCA 2007). Here, the circuit court failed to apply the correct law.
The circuit court correctly determined that the order denying Micklos’s motion to dismiss was not final and appeal-able. But it overlooked well-established case law holding that an accused who is immune from prosecution may seek to have that immunity enforced by writ of prohibition. See Mocio v. State, 98 So.3d 601, 603-04 (Fla. 2d DCA 2012). More over, the Florida Constitution precludes the dismissal of a cause because the remedy sought is improper. Art. V, § 2(a), Fla. Const. (“The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought.”) (emphasis supplied). Accordingly, Florida Rule of Appellate Procedure 9.040(c) provides that “[i]f a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought.”
Micklos sought the wrong remedy, an appeal, and therefore he filed his notice in the lower tribunal, the county court. See Fla. R. App. P. 9.110(b). Because his proper remedy was a writ of prohibition, he should have filed a petition for the writ in the court having jurisdiction, the circuit court. See Fla. R. App. P. 9.100(b). Nevertheless, his filing in the county court was legally effective to vest the circuit court with jurisdiction. Cf. Alfonso v. Dep’t of Envtl. Regulation, 616 So.2d 44, 47 (Fla.1993) (“[A]n appellate court’s jurisdiction is invoked by a timely filing of a notice of appeal or a petition for certiorari in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order.”); Johnson v. Citizens State Bank, 537 So.2d 96, 98 (Fla.1989) (stating that when a litigant erroneously believes he has a right to an appeal, filing a notice in the lower tribunal is sufficient to vest certiorari jurisdiction in the appellate court). And an appellate court should not dismiss a timely filed appeal if it concludes that relief could be obtained in an original proceeding. Johnson, 537 So.2d at 97-98. (citing Art. V, § 2(a), Fla. Const.; Fla. R. App. P. 9.040(c)).
Because the law was well-settled that Micklos’s immunity claim could properly be raised in a petition for a writ of prohibition, see Modo, and because our constitution prohibits the dismissal of a cause because the remedy sought is improper, see Art. V, § 2(a), the circuit court did not apply the correct law when dismissing Micklos’s appeal.
We grant the petition for certiorari and quash the order dismissing Micklos’s appeal.
VILLANTI and SLEET, JJ., Concur.