PER CURIAM
This petition for writ of mandamus is brought as a class action, asking this Court to order respondent Florida Parole and Probation Commission (Commission) to send its notices and orders by U. S. Mail, because some prisoners allegedly do not receive notification of final agency action until the time for filing a notice of appeal[1] has passed. We deny that request, finding that notices and orders of Commission action are sent by U. S. Mail[2] and that, absent exceptional circumstances,[3] Commission mail is received by inmates in sufficient time to file a notice of appeal in this Court.[4]
It is not the function of this Court to instruct the Commission on how to handle mail service, but we will be vigilant to insure that prisoners’ basic right to appeal is not infringed by failure of the prison system to deliver mail. No substantial deprivation of this right occurred in the examples presented in this case.[5] Petitioner has not alleged facts indicating any relief is due; therefore, the petition for writ of mandamus is DENIED.
BOOTH, SHIVERS and JOANOS, JJ., concur.

. Fla.R.App.P. 9.110(b) and (c) allows 30 days from the date of final agency action to file a notice of appeal in this Court and with the agency. Timely filing with either the agency or this Court vests jurisdiction in this Court.

. In two other cases, Friel v. Florida Parole and Probation Commission, Case No. AE-353 (petition for belated appeal and petition for writ of mandamus habeas corpus, both denied October 16, 1981), and Johnson v. Florida Parole and Probation Commission, Case No. AF-393 (motion to dismiss as untimely granted January 29, 1982), this Court sought information from the Commission concerning its mail service to inmates. Due to the high cost of mailing individual letters and the fact, that as many as 600 notices are mailed weekly, the Commission is financially precluded from sending each notice individually. Instead, the letters and notices for all inmates at a particular institution are sent to the prison in a large brown envelope, via U. S. Mail, bulk rate. The letters and notices are then dispensed to the individual inmates after being sorted by workers under the supervision of the Department of Corrections.

. Exceptional circumstances may include: delivery to the wrong institution, to the wrong inmate, or transfer of an inmate to another institution. In the event of the occurrence of an exceptional circumstance, the inmate should return the letter with an explanation of the circumstances requiring the action to counsel for the Florida Parole and Probation Commission where the agency letter will be recertified and sent to the proper institution and inmate. Inability to meet time limits for any other filings, aside from notices of appeal, may be rectified by filing a motion for extension, pursuant to Fla.R.App.P. 9.300(a). Prisoners need not consult opposing counsel but must only certify a copy to be sent to counsel for the Commission.

. If a certificate of service appears on the orders, that is the date of final agency action. If the order is without a certificate of service, the date of the accompanying letter is the date of final agency action. See Daniels v. Florida Parole and Probation Commission, 401 So.2d 1351 (Fla. 1st DCA 1981). Further, the drafting and mailing of a notice of appeal can be a quick procedure; sample notices of appeal are provided in the appendix of Daniels, supra, and in Fla.R.App.P. 9.900(a).

. Petitioner enclosed examples of orders from the Commission that were in unsealed envelopes, bearing no stamp. Fla.R.App.P. 9.420(c) does not require that a stamp be present on the envelope; counsel for the Commission’s certificate of service is prima facie proof that the orders were sent by U. S. Mail. This method of delivery appears to be adequate in the vast majority of cases and of the examples submitted by petitioner, no notices were received by the inmates more than seven days after the dates appearing on the certificates of service of the orders.