641 So.2d 451 (1994)
Rhenis UPSHAW, Petitioner,
v.
STATE of Florida, Respondent.
No. 93-3963.
District Court of Appeal of Florida, First District.
August 12, 1994.
*452 Rhenis Upshaw, pro se.
Robert A. Butterworth, Atty. Gen. and Giselle Lylen Rivera, Asst. Atty. Gen., for respondent.
ZEHMER, Chief Judge.
Petitioner, acting pro se, has filed a pleading denominated "Motion for Writ of Mandamus" that seeks to compel this court to exercise jurisdiction over his appeal from an adverse circuit court order. The issue presented is whether petitioner has validly invoked jurisdiction in this court pursuant to rule 9.110(b), Florida Rules of Appellate Procedure. We hold that when a party initiates an appeal under this rule by filing a notice of appeal in circuit court, the notice must be filed in the circuit court in the county where the original proceeding was pending to validly invoke appellate jurisdiction.
Petitioner filed a motion to correct an illegal sentence in the circuit court of the eighth judicial circuit in Baker County and the motion was denied. Petitioner asserts in his application for mandamus that he then filed two notices of appeal to review that order, one in Alachua County (which also lies in the eighth circuit) and one in Baker County. He did not attach copies of the prison mail log or copies of any notarized notices of appeal to support this claim. Although the clerk of the circuit court in Alachua County timely received the notice of appeal, it was discovered that the order was entered in a Baker County case, so the notice was forwarded to the clerk of the circuit court in Baker County; however, it was never received by the clerk. Nor did that clerk receive the original notice of appeal that petitioner says he attempted to file in Baker County. It appears that no notice of appeal has ever been filed with the clerk of the Baker County circuit court at any time, and that no attempt has been made to timely file a notice of appeal in this court.
In his application for writ of mandamus, petitioner seeks to have this court accept jurisdiction over his appeal based on the argument that since he timely filed a notice of appeal in the circuit court of Alachua County, that notice is legally sufficient to invoke appellate jurisdiction. He also argues that he timely placed the original notice of appeal in the hands of prison officials. We conclude that we do not have jurisdiction for the following reasons.
Petitioner did not establish that the original notice of appeal intended to be filed in the Baker County circuit court was timely placed in the hands of prison officials for mailing to the clerk of that court, so we do not have to deal with the "mailbox" rule that permits jurisdiction to attach despite the untimely receipt of such notices by the clerk of the court. Thus, we are left to consider only whether the notice of appeal actually filed in the Alachua County circuit court was legally sufficient to invoke appellate jurisdiction in this court.
Rule 9.110(b) provides that the jurisdiction of this court is invoked when a notice of appeal is filed "with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed" (emphasis added). Here, that is the clerk of the circuit court in Baker County. Had the notice of appeal been timely filed in Baker County, or even with the clerk of this court, it would have been effective to invoke jurisdiction. In Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla. 1993), the supreme court considered the effect of article V, section 2(a), of the Florida Constitution when a paper purporting to invoke appellate jurisdiction had been filed in the wrong court and explicitly held that:
an appellate court's jurisdiction is invoked by a timely filing of a notice of appeal or a petition for certiorari in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order.
616 So.2d at 47 (emphasis added). Under this holding, the notice of appeal timely filed with the clerk of the circuit court in Alachua County did not validly invoke this court's appellate jurisdiction because that court is not the lower court that issued the order to *453 be reviewed. Although the supreme court has been liberally construing and applying rule 9.110(b) to allow valid invocation of appellate jurisdiction when an appellant or petitioner has not strictly filed the notice in the correct court, Alfonso, Skinner v. Skinner, 561 So.2d 260 (Fla. 1990), Johnson v. Citizens State Bank, 537 So.2d 96 (Fla. 1989), in those cases the party invoking appellate jurisdiction filed a timely notice either with the district court of appeal or with the correct lower tribunal. In this case, petitioner did neither, so we are without jurisdiction of the appeal. Accordingly, there is no merit to the application for a writ of mandamus.
WRIT DENIED.
MINER and WOLF, JJ., concur.