755 So.2d 85 (2000)
Y. Aaron KAWEBLUM, Petitioner,
v.
THORNHILL ESTATES HOMEOWNERS ASSOCIATION, INC., et al., Respondents.
No. SC95357.
Supreme Court of Florida.
March 16, 2000.
Lawrence Presser, Margate, Florida, and W. Jeffrey Barnes of J. Barnes & Associates, P.A., Ft. Lauderdale, Florida, for Petitioner.
Rand Ackerman, Ft. Lauderdale, Florida; H. Michael Easley and Mark B. Kleinfeld of Jones, Foster, Johnston & Stubbs, West Palm Beach, Florida; and Charles M. Fahlbusch, Assistant Attorney General, Ft. Lauderdale, Florida, for Respondents.
PER CURIAM.
Petitioner Y. Aaron Kaweblum petitions this Court for writ of mandamus. He alleges that the Fourth District Court of Appeal wrongfully dismissed his appeal for lack of jurisdiction. Because a petition for writ of mandamus may be used to test the correctness of a dismissal for lack of jurisdiction by a lower court, we have jurisdiction. See art. V, § 3(b)(8), Fla. Const.; see also Pino v. District Court of Appeal, 604 So.2d 1232, 1233 (Fla.1992); State ex rel. Gaines Constr. Co. v. Pearson, 154 So.2d *86 833, 835 (Fla.1963). For the reasons expressed below, we grant Kaweblum's petition.
The Palm Beach County Circuit Court entered summary judgment against Kaweblum in a civil suit. The order was rendered on December 7, 1998, when the clerk of court docketed the order. On December 30, 1998, Kaweblum incorrectly filed a notice of appeal with the Broward County Circuit Court.[1] The Broward County Circuit Court forwarded the notice of appeal to the Palm Beach County Circuit Court, which docketed the notice on January 7, 1999. On January 21, 1999, the Fourth District Court of Appeal ordered Kaweblum to show cause why his appeal should not be dismissed as untimely.[2] After Kaweblum filed a response, the district court dismissed his appeal, citing Upshaw v. State, 641 So.2d 451 (Fla. 1st DCA 1994). Subsequently, Kaweblum filed a petition for writ of mandamus with this Court arguing that the Fourth District Court of Appeal should not have dismissed his appeal because under Florida Rule of Appellate Procedure 9.040(b), his notice of appeal must be treated as timely filed even though it was filed with the wrong circuit court.
In order to evaluate the correctness of the district court's decision, we first examine Upshaw. The petitioner in Upshaw filed a "Motion for Writ of Mandamus" with the First District Court of Appeal, arguing that the district court was required to consider his appeal even though his notice of appeal was timely filed with the wrong circuit court.[3]See id. at 452. The First District held that for appellate jurisdiction to be properly invoked, a notice of appeal must be timely filed either in the lower court that entered the order to be reviewed, or in the appellate court where review is sought. See id. at 452. Because the appellant in Upshaw filed his notice of appeal with the wrong circuit court, the First District concluded that it was without jurisdiction to hear the appeal and denied the motion. See id. at 453. In so holding, the district court relied upon this Court's opinion in Alfonso v. Department of Environmental Regulation, 616 So.2d 44, 47 (Fla.1993).
In Alfonso, the following question was certified to this Court:
[W]hether a district court of appeal has jurisdiction to entertain an appeal from a final judgment of a circuit court where, as here, (1) the appellant erroneously files a notice of appeal with the district court, rather than the circuit court, and (2) the appellant takes no corrective action to file the notice of appeal in the circuit court within thirty days of the rendition of the final judgment.
616 So.2d at 45. This Court answered the question affirmatively, holding that an appellate court has jurisdiction when the notice is filed "in either the lower court that issued the order to be reviewed or the *87 appellate court which would have jurisdiction to review the order." Id. at 47.
However, we conclude that Upshaw applies this Court's holding in Alfonso too narrowly. In Alfonso, the certified question was expressly limited to the situation where a notice of appeal was erroneously filed with the appellate court rather than the trial court. Nowhere in Alfonso did this Court explicitly hold that the only situation where a misfiled notice of appeal properly invokes the appellate court's jurisdiction is when the notice is erroneously filed with the appellate court.
To resolve this issue, we turn to the Florida Constitution and the Rules of Appellate Procedure, both of which are the foundation of our opinion in Alfonso. Article V, section 2(a) of the Florida Constitution states that "no cause shall be dismissed because an improper remedy has been sought." That directive is implemented by Florida Rule of Appellate Procedure 9.040(b) and (c), which provides:
(b) Forum. If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.
(c) Remedy. If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
The use of the word "shall" under rule 9.040(b) demonstrates that transfer of an improperly filed cause is mandatory, not discretionary. See Chaky v. State, 651 So.2d 1169, 1172 (Fla.1995) (construing "shall" to be mandatory and "may" to be directory in a rule of procedure); see also Sternfield v. Jewish Introductions, Inc., 581 So.2d 987, 988 (Fla. 4th DCA 1991) (finding that the circuit court had departed from essential requirements of law when it denied petitioner's request to transfer a petition for writ of certiorari erroneously filed with that court to the district court of appeal).
Further, the 1977 committee notes to rule 9.040(b) provide that:
[A] case will not be dismissed automatically because a party seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made.

(Emphasis supplied.) Although the committee notes to rule 9.040(b) are only persuasive authority and are not part of the rule, see D.K.D. v. State, 470 So.2d 1387, 1389 (Fla.1985), this Court may look to the notes as a means of determining the clear intent of the rule. See, e.g., State v. Salzero, 714 So.2d 445, 447 (Fla.1998) (finding that "strict adherence to [the time requirements of a rule of criminal procedure] would not comport with the clear intent of this section as evident from the committee notes to the 1984 amendment of the rule").
These committee notes indicate that while appellants must conform to the rules adopted by this Court in seeking an appeal, they should not lose their opportunity to present what may be meritorious claims for relief simply because they have either sought the wrong form of relief, or have sought the proper relief in the wrong court. Thus, both the language of the rule and the committee notes support an interpretation that under rule 9.040(b) a notice of appeal timely filed in the wrong court must be transferred to the proper court and treated as timely filed in that court.
Further, this Court has construed the rule similarly in the past by holding that when a document is filed in the wrong court and the document is transferred to the proper court, the date of filing is the date the document was filed in the wrong court, not the date it was received by the proper court. See Alfonso, 616 So.2d at 47. For example, in Alfonso this Court noted that pursuant to rule 9.040(b), a notice of appeal erroneously filed with the *88 district court "should be transferred to the appropriate court with the date of filing being the date the document was filed in the wrong court." 616 So.2d at 47. More recently, in a slightly different context, this Court found that in cases where trial court venue has been changed during the course of the proceedings, "the district courts of appeal should liberally transfer their appellate jurisdiction when it appears that the appeal or petition has been timely filed but directed to the wrong appellate court." Vasilinda v. Lozano, 631 So.2d 1082, 1087 n. 3 (Fla.1994) (citing article V, section 2(a), Fla. Const.).
The dilemma that would arise were we to find the date of filing to be the date that the proper court receives the notice of appeal is highlighted by the following anomaly. If a notice of appeal is filed with the wrong trial court and that court forwards the notice to the appropriate court within the 30-day time limit, the district court must treat the notice as timely filed and hear the appeal. On the other hand, if the forwarded notice arrives at the proper court even one day late because of a delay on the part of the forwarding clerk's office, then the appeal would be dismissed for lack of jurisdiction. The timeliness of a misfiled notice of appeal should not depend on how quickly the court where the notice was improperly filed transfers the notice to the appropriate court.[4]
Accordingly, we conclude that consistent with the intent of the Florida Constitution and the Florida Rules of Appellate Procedure, when a notice of appeal is timely filed in the wrong court, and there is no indication that the misfiling was intentionally done for the purpose of convenience or delay, the notice of appeal must be treated as timely filed in the appropriate court. We disapprove Upshaw to the extent it is inconsistent with this opinion.
Because there is no indication that Kaweblum's notice of appeal was intentionally filed with the wrong court for the purpose of convenience or delay, we hold that the Fourth District Court of Appeal's dismissal of Kaweblum's appeal for lack of jurisdiction was improper. Accordingly, we conclude that the Fourth District should have treated Kaweblum's notice of appeal as timely filed and that the court erred in dismissing his appeal for lack of jurisdiction. We grant the petition and order that the Fourth District Court of Appeal reinstate Kaweblum's appeal.[5] However, because we trust that the Fourth District Court of Appeal will fully comply with the dictates of this order, we withhold issuance of the writ.
It is so ordered.
HARDING, C.J., and SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, J., dissents with an opinion.
WELLS, J., dissenting.
While I am sympathetic to the result the majority's decision wants to reach, I dissent. This Court has already decided this issue to the contrary. Further, it appears to me that the majority's decision will *89 cause confusion on an issue about which the Florida Rules of Appellate Procedure have made a clear, bright-line demarcation in respect to appellate jurisdiction.
I cannot join in saying that the First District in Upshaw v. State, 641 So.2d 451 (Fla. 1st DCA 1994), applied too narrowly this Court's decision in Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla.1993), when from a plain reading, I have to conclude that the First District applied precisely what this Court said:
In Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla. 1993), the supreme court considered the effect of article V, section 2(a), of the Florida Constitution when a paper purporting to invoke appellate jurisdiction had been filed in the wrong court and explicitly held that:
an appellate court's jurisdiction is invoked by a timely filing of a notice of appeal or a petition for certiorari in either the lower court that issued the order to be reviewed or the appellate court which would have jurisdiction to review the order.
616 So.2d at 47 (emphasis added). Under this holding, the notice of appeal timely filed with the clerk of the circuit court in Alachua County did not validly invoke this court's appellate jurisdiction because that court is not the lower court that issued the order to be reviewed.
Upshaw, 641 So.2d at 452. Similarly, if the majority in the present case before us applied what we said in Alfonso, the conclusion would be inescapable that the Seventeenth Circuit was not the lower court that issued the order to be reviewed; it was the Fifteenth Circuit.
Not only does our opinion in Alfonso make it clear that the lower court issuing the order to be reviewed is where the notice to invoke must be filed to be effective, it appears to me that the commentary in our rules make that clear. I refer specifically to the committee notes to rule 9.040.
Importantly, I am also concerned that the majority substitutes a bright-line rule with a rule which is to be determined on the "intent" of the filer. That will come into play, for instance, when a filer files a notice in Duval County on the thirtieth day as to an order which had been rendered in Lee County. Up until today I understood that jurisdiction to be based on an objective analysis, and I am concerned that the majority decision confuses that analysis.
Finally, I do not believe that mandamus is proper when what is being done is not the enforcement of a clear legal right but, rather, is used as a vehicle for what is effectively receding from a decision of this Court. Therefore, I would dismiss for lack of jurisdiction.
NOTES
[1] Kaweblum claims that the erroneous filing was solely due to a clerical error in "inadvertently" mailing the notice of appeal to Broward County Circuit Court when it was intended to be filed in Palm Beach County Circuit Court. With his petition for writ of mandamus, Kaweblum includes a copy of the notice of appeal, which properly lists Palm Beach County Circuit Court in the caption of the pleading.
[2] To be timely, Kaweblum's notice of appeal must have been filed within 30 days of the December 7, 1998, rendition of the trial court's order, which would have been no later than Wednesday, January 6, 1999. See Fla. R.App. P. 9.110(b).
[3] Upshaw sought review of an order entered by the Circuit Court of the Eighth Judicial Circuit, in and for Baker County. In his petition, Upshaw alleged that he filed notices of appeal in both the Baker County Circuit Court and the Alachua County Circuit Court. See Upshaw v. State, 641 So.2d 451, 452 (Fla. 1st DCA 1994). The Baker County Circuit Court never received the notice of appeal that Upshaw alleged he sent. See id. The Alachua County Circuit Court received Upshaw's notice of appeal and forwarded it to the Baker County Circuit Court, but this notice of appeal was also not received by the Baker County Circuit Court. See id.
[4] Further, in the instant case, the Broward County Circuit Court did not return Kaweblum's improperly filed notice of appeal or otherwise notify him of the misfiling. Rather, the court assumed the duty of forwarding the notice to the Palm Beach County Circuit Court pursuant to the mandate of rule 9.040(b). Had Kaweblum been notified of his misfiling, he could have independently filed the notice of appeal with the Palm Beach County Circuit Court to ensure that it would be timely filed. We do not imply any impropriety on the part of the Broward County Clerk's Office; however, we believe that Kaweblum should not be prejudiced by any delay that occurred in the transfer of his notice by the circuit court because Kaweblum had no notification of his misfiling until a motion to dismiss was filed with the Fourth District Court of Appeal.
[5] Even though in the instant case we find that Kaweblum has a right to have his notice of appeal treated as timely filed, we refer this issue to the Appellate Rules Committee for the purpose of determining whether clarification of rule 9.040(b) is necessary.