COPE, J.
This is a consolidated appeal from a judgment awarding attorney’s fees under subsection 57.105(1), Florida Statutes (1995). The fees were awarded on remand from this court’s decision in In re Estate of Lett, 725 So.2d 1146 (Fla. 3d DCA 1998). We affirm in part and reverse in part.
I.
A portion of the attorney’s fees were assessed against the firm of Alvarez, Ar-mas & Borron, P.A., who had served as Florida counsel for Alicia Caceres in 1996. The firm initiated a Florida probate proceeding on her behalf while an earlier-filed probate proceeding and will contest regarding the same will was pending in Cos-ta Rica.
After a few months, the Alvarez firm withdrew and Arnaldo Velez, P.A., appeared on Ms. Caceres’ behalf. The probate proceedings terminated in favor of appellee Jeannette Lett Heitman, who then filed a motion for 57.105(1) fees against appellant Alicia Caceres and both law firms.
The probate judge conducted a hearing on the 57.105(1) motion. The Alvarez firm and Mr. Velez both appeared at that hearing and opposed the motion. The trial court denied 57.105(1) attorney’s fees, and Ms. Heitman appealed.
When Ms. Heitman filed the notice of appeal, and later her briefs, she served them on Mr. Velez as counsel for Ms. Caceres. Thus, Mr. Velez and Ms. Ca-ceres both had notice and an opportunity to be heard when Ms. Heitman pressed her claim in this court that 57.105(1) fees should have been awarded. Ms. Heitman did not, however, serve the notice of appeal or briefs on the Alvarez firm.
This court reversed the trial court order and directed the trial court to award subsection 57.105(1) fees. See In re Estate of Lett, 725 So.2d at 1146. The Alvarez firm filed a motion to intervene and for clarification that the reversal did not apply to it, since it had not been given notice or an opportunity to participate in the appeal. Ms. Heitman opposed the intervention, and this court denied leave to intervene.
It is our view that Ms. Heitman’s failure to serve the notice of appeal and initial brief on the Alvarez firm is fatal to her claim against them. In the trial court, the judge initially denied Ms. Heitman’s 57.105(1) claim. If on appeal Ms. Heitman wanted to overturn the order as to the Alvarez firm (which, as predecessor counsel, was no longer in the case), it was necessary for her to give notice to the firm so that it would have an opportunity to be heard in this court. Ms. Heitman did not do so.
When1 the Alvarez firm sought leave to intervene after this court’s 1998 opinion was released, Ms. Heitman successfully opposed the Alvarez firm’s motion to intervene. The firm was thus denied participation in the appeal. A judgment without notice and an opportunity to be heard is void. See Shields v. Flinn, 528 So.2d 967, 968 (Fla. 3d DCA 1988); Cole v. Blackwell, Walker, Gray, Powers, Flick & Hoehl, 523 So.2d 725 (Fla. 3d DCA 1988); Niki Unlimited v. Legal Services of Greater Miami, 483 So.2d 46, 48 (Fla. 3d DCA 1986).
Ms. Heitman argues, however, that in seeking subsection 57.105(1) fees against counsel who have withdrawn from a case, it is sufficient to serve the motion (or in this case notice of appeal and brief) on the former client. Ms. Heitman says that it is not necessary to give notice directly to predecessor counsel. We disagree.
*210 Due process considerations require that if attorney’s fees are sought against predecessor counsel, predecessor counsel must be given notice of that fact. That is true when a 57.105(1) motion is filed in the trial court, and is also true in the present circumstance where that relief is sought by appeal. The judgment against the Alvarez firm is reversed and the cause remanded with directions .to enter judgment in favor of Alvarez, Armas & Borron, P.A.
II.
We reverse in part the judgment against Arnaldo Velez, P.A. on the issue of appellate attorney’s fees.
In her 57.105(1) motion, Ms. Heit-man sought attorney’s fees not only for trial court proceedings, but also attorney’s fees for work done on her behalf on appeal. Mr. Velez argues, and we agree, that entitlement to appellate attorney’s fees must be determined by the appellate court. See Bird Lakes Dev. Corp. v. Meruelo, 626 So.2d 239 (Fla. 3d DCA 1993); LeGrand v. Dean, 598 So.2d 218, 219 (Fla. 5th DCA 1992).[1]
The only appellate attorney’s fees this court has, awarded in connection with this probate litigation was for the work necessary by Ms. Heitman to respond to the motion for rehearing and rehearing en banc in In re Estate of Lett, 725 So.2d at 1146. No attorney’s fees were awarded for the remainder of that appeal, and Ms. Heitman’s request for attorney’s fees in connection with an earlier petition for writ of certiorari was denied.
Accordingly it is necessary to reverse the judgment against Ms. Caceres and Ar-naldo Velez, P.A., and remand with directions to delete all appellate attorney’s fees except those incurred by Ms. Heitman in responding to Ms. Caceres’ motion for rehearing and rehearing en banc in In re Estate of Lett.
Ms. Heitman contends that this particular argument is barred by the law of the case doctrine, since this court’s ruling in In re Estate of Lett was a reversal with directions to grant Ms. Heitman’s motion for attorney’s fees. We do not think that the law of the case doctrine applies here. The issue on the prior appeal was whether Ms. Heitman had any entitlement to attorney’s fees under 57.105(1). The trial court had never reached any question regarding amount or method of calculation of attorney’s fees, and those issues were not ripe for consideration here.
Ms. Caceres and Mr. Velez argue that the trial court should have made lodestar findings in the attorney’s fees judgment. We decline to reverse for this reason, because there is no indication that any request or objection on that score was made in the trial court. See Reis v. Reis, 739 So.2d 704, 705-06 (Fla. 3d DCA 1999).
We have carefully considered the remaining points on appeal, but are not persuaded thereby.
Affirmed in part, reversed in part and remanded for further proceedings consistent herewith.

. There is an exception in probate when attorney’s fees are sought against an estate, see In re Estate of Udell, 501 So.2d 1286, 1288 (Fla. 4th DCA 1986), but that exception is not applicable here.