785 So.2d 732 (2001)
Lewis BROWNING, Appellant,
v.
NEW HOPE SOUTH, Appellee.
No. 1D00-4758.
District Court of Appeal of Florida, First District.
May 29, 2001.
Shelley M. Punancy, Judge of Compensation Claims.
Michael H. Stauder, North Palm Beach, for appellant.
Timothy M. Basquill of Beisler & Beisler, West Palm Beach, for appellee.
PER CURIAM.
Lewis Browning sought workers' compensation benefits for a knee injury. The employer/carrier contested the claim and a hearing was held before a Judge of Compensation Claims (JCC). The matter was resolved in Browning's favor and the employer/carrier appealed to this court, which affirmed in case number 1D99-4770. New Hope South v. Browning, 767 So.2d 1209 (Fla. 1st DCA 2000). By unpublished order this court also granted the claimant's motion for appellate attorney's fees and relinquished jurisdiction to the JCC for determination of the fee if the parties were unable to agree to an amount. The final paragraph of the order recited that "Review [of the JCC's order] shall be in accordance with Florida Rule of Appellate Procedure 9.400(c)."
The JCC held a hearing and entered a written order which found that the appropriate fee for counsel for representation of the claimant in the appeal was $10,000. Apparently claimant (or counsel) was dissatisfied with that sum and a notice of appeal was timely filed by Browning and assigned a new case number, 1D00-4758, before this court. When an order was sua sponte issued concerning the claimant's selection of an inappropriate remedy, a motion for review was filed in the original appeal. It was, however, untimely and was denied for that reason. We now address the question of our jurisdiction to review the JCC's order on appellate fees in the instant appeal.
*733 Florida Rule of Appellate Procedure 9.180(i)(4) is directly controlling and cross-references Rule 9.400(c), which provides that "Review of orders rendered by the lower tribunal under this rule shall be by motion filed in the court within 30 days of rendition." Where, as here, the rules of procedure provide for review of an order by motion in an existing file in the appellate forum, there exists a clearly-defined and adequate remedy and the order is not separately appealable. We decline to approve appellant's theory that the notice of appeal should be treated as a motion for review in case number 1D99-4770. Despite a clear direction from this court regarding review of the JCC's order in the order awarding a fee in the original case, appellant initiated a new appellate proceeding rather than properly moving for review.[1] Even if we were to treat the notice of appeal as such a motion, the notice itself contained no argument regarding any error on the part of the JCC and it was therefore facially insufficient.[2]
Accordingly, we find that this court lacks jurisdiction over the instant proceeding and it is therefore DISMISSED.
BARFIELD, C.J., and WEBSTER, J. CONCUR. BENTON, J., DISSENTS, WITH OPINION.
BENTON, J., dissenting.
After the court declined to treat the timely filed notice of appeal in this case as a motion for review (to which the speaking motion for review later filed would relate back as an amendment) in No. 1D99-4770, I dissented, citing "Dayan v. H.I. Development/Holiday Inn, 710 So.2d 187 (Fla. 1st DCA 1998); Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284 (Fla. 1st DCA 1997); [and] General Acc. Ins. Co. v. Packal, 512 So.2d 344, 347 (Fla. 4th DCA 1987) receded from on other grounds Aksomitas v. Maharaj, 771 So.2d 541 (Fla. 4th DCA 2000)." New Hope South v. Browning, No. 1D99-4770 (Fla. 1st DCA Mar.2, 2001) (unpublished order). Now that review in No. 1D99-4770 is foreclosed, we should reach the merits here. See Pellar, 687 So.2d at 284 ("Although an appeal is not the proper remedy, the filing of an appeal in this case does not foreclose the right of review."). See generally Packal, 512 So.2d at 347; Starcher v. Starcher, 430 So.2d 991, 993 (Fla. 4th DCA 1983); A.Z. v. State, 404 So.2d 386, 387 n. 3 (Fla. 5th DCA 1981).
NOTES
[1] The wisdom of Rule 9.400(c)(and the flaw in appellant's approach) is demonstrated by the fact that claimant has filed another motion for appellate attorney's fees in the new proceeding. If permitted to go forward, this raises the possibility that the litigation will never reach a conclusion. Moreover, the remedy by motion set forth in Rule 9.400(c) is far more expedient and cost-effective than taking another appeal. It also ensures that the matter will be reviewed by the same panel of judges which decided the original appeal on its merits. These judges are in a better position to review the fee award than other judges who are not familiar with the case.
[2] Claimant, in opposing dismissal, points to an order of this court which suggested the new appeal was from an appealable non-final order rather than a final order, as claimant characterized it in his notice of appeal. This preliminary assessment was not correct and is not binding on the court. Nor can claimant assert he was misled by the order because it did not issue until after the 30 days for filing the motion for review in case number 1D99-4770 had expired.