888 So.2d 47 (2003)
John G. THOMPSON, Appellant,
v.
PARK PLACE OF VENICE, INC., d/b/a, Adult Care Management Corporation and FHM Insurance Company/United Self Insured Services, Appellees.
No. 1D03-4130.
District Court of Appeal of Florida, First District.
December 11, 2003.
David W. Siar and Joey D. Oquist, St. Petersburg, for Appellant.
Benjamin A. Winter of Smith, Andrews, Brady & Winter, Tampa, for Appellees.
PER CURIAM.
John Thompson seeks review of a final workers' compensation order which was mailed to the parties on August 21, 2003. The final day to invoke this court's jurisdiction was therefore Monday, September 22, 2003. Fla. R.App. P. 9.180(b)(2); 9.420(e). The order was issued by a Judge of Compensation Claims assigned to the Sarasota district office. A notice of appeal was filed in the St. Petersburg district office on September 22, transferred to the Sarasota district office, and received there on September 23. A notice of appeal was filed with this court on September 26. Appellees move to dismiss the appeal, arguing that this court's jurisdiction was not timely invoked. For the reasons set forth below, we deny the motion.
Under an earlier version of the applicable rule, a notice of appeal could be filed with any Judge of Compensation Claims. Rule 9.180 was adopted, effective January 1, 1997, and provides that the notice of appeal shall be filed "with the lower tribunal" within 30 days of mailing of the order. Fla. R.App. P. 9.180(b)(2). The Committee Notes state that:
Rule 9.180(b)(2) now limits the place for filing the notice of appeal to the lower tribunal that entered the order and not any judge of compensation claims as the former rule provided.
Amendments to the Florida Rules of Procedure, 685 So.2d 773, 816 (Fla.1996). Our inquiry, however, does not end there.
In Dayan v. H.I. Development/Holiday Inn, 710 So.2d 187 (Fla. 1st DCA 1998), this court addressed the problem of a notice of appeal in a workers' compensation proceeding which was timely filed in the *48 appellate court but not in the lower tribunal. It found that it had jurisdiction, relying upon Alfonso v. Department of Environmental Regulation, 616 So.2d 44 (Fla.1993), which addressed a similar problem which arose when counsel filed a notice of appeal in the appellate court when attempting to appeal a final order of the circuit court.
We are similarly guided here by Kaweblum v. Thornhill Estates Homeowners Ass'n, Inc., 755 So.2d 85 (Fla.2000). In Kaweblum, the only timely notice of appeal was filed with the Circuit Court for Broward County although review was sought of a judgment of the Circuit Court for Palm Beach County. The court found that appellate jurisdiction was timely invoked in this circumstance, and that this result was required by Article V, section 2(a), of the Florida Constitution and Florida Rules of Appellate Procedure 9.040(b)(1)and (c).
We conclude that the reasoning of Kaweblum applies with equal force to the instant matter, and that a different result cannot be justified simply because this case involves a workers' compensation appeal. Accordingly, appellees' motion to dismiss is hereby denied.
MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION DENIED.
ERVIN, BOOTH and KAHN, JJ., concur.