SALTER, J.
Manuel Raul Gonzalez Y Duarte petitions this court to issue a writ of mandamus directing the Appellate Division of the Circuit Court for the Eleventh Judicial Circuit to reinstate his appeal. We have jurisdiction and grant the petition. See Caldwell v. Estate of McDowell, 507 So.2d 607, 608 (Fla.1987) (issuing writ of mandamus reinstating appeal dismissed for failure to comply with a rule of appellate procedure); Jellen v. Dist. Ct. App., Third Dist., 488 So.2d 825, 825 (Fla.1986) (issuing writ of mandamus reinstating appeal dismissed as a consequence of misapplication of a rule of appellate procedure).
On November 8, 2006, Duarte timely filed a notice of appeal seeking review of an order denying relief from a motion to vacate and set aside a final judgment of foreclosure and a certificate of title. A little over a month later, Ramie International Corporation, the purchaser of the property, moved to dismiss the appeal claiming that Duarte had failed to timely file its initial brief and that it had not been served with a copy of the notice of appeal. Duarte promptly moved for an enlargement of time in which to file his initial brief. Although that motion was granted, within days, the appeal as to Ramie was summarily dismissed.[1] Duarte quickly moved for reconsideration. In response, Ramie claimed that the appeal, which had been pending for less than two months, was properly dismissed because the certificate of service on the notice of appeal was not dated and because it had never received a copy of that notice. The motion for reconsideration was denied because, according to the court below, the certificate of service accompanying the notice of appeal was defective as it was not dated, and Ramie had not received the notice as certified in the certificate of service. Nei *497 ther of these reasons supports dismissal of his appeal.
Failure to date a certificate of service to a timely filed notice of appeal is not a jurisdictional defect and will not support dismissal of an appeal absent a showing of prejudice. As explained in County Sanitation v. Ross, 389 So.2d 1247, 1248 (Fla. 1st DCA 1980) (citations omitted):
A copy of all documents filed pursuant to the Rules of Appellate Procedure are to be served on each of the parties before filing or immediately thereafter. However, service of the notice of appeal is not jurisdictional. While the sanction of dismissal is clearly available in proper circumstances for failure of appellant to comply with the rules, ... [t]hat extreme sanction should be imposed only when there has been a showing of substantial prejudice.
See also Krebs v. State, 588 So.2d 38, 38 (Fla. 5th DCA 1991) (concluding that dismissal of the appeal was too harsh a sanction for a single rule violation and stating that “it is an established principle of law that dismissal of an appellate proceeding should be employed sparingly and only after repeated violations or contumacious disregard of a court’s orders”); Hightower v. Berry, 490 So.2d 1029, 1030 (Fla. 1st DCA 1986) (refusing to impose the severe sanction of dismissal where appellant failed to comply with rule 9.420 based on a “common misunderstanding of the rule”).
In this case, the failure to date the certificate of service resulted in no prejudice and is insufficient to support a dismissal precluding review on the merits. The fact that Ramie did not receive a copy of the notice of appeal as certified also will not support dismissal in this case. The notice of appeal with its undated certificate of service was docketed in the lower court file on November 8, 2006 and mailed, according to Duarte’s attorney, to all parties, including Ramie.[2] This satisfies the requirements of the rules of appellate procedure regarding service:
Method of Service. If service is required or permitted to be made on a party represented by an attorney, service shall be made on the attorney unless service on the party is ordered by the court. Service on the attorney or party shall be made by ... mailing it to the attorney or party at the last known address.... Service by mail shall be complete on mailing.
Fla. R.App. P. 9.420(c) (emphasis added); see Fla. R.App. P. 9.420(d)(1) (stating that certification that a copy was furnished to a party’s attorney by mail constitutes prima facie proof of service); Williams v. Gread-ington, 410 So.2d 644, 645 n. 5 (Fla. 1st DCA 1982) (confirming that a certificate of service by counsel for a party is prima facie proof that documents were sent). , The fact that Ramie did not receive its copy of the notice of appeal does not establish that no service was attempted or effectuated. See Mr. Martinez of Miami, Inc. v. Ponce De Leon Fed. Sav. & Loan Ass’n, 558 So.2d 153, 154 (Fla. 3d DCA 1990) (concluding that under the analogous service rule, Florida Rule of Civil Procedure 1.080, “service by mail is considered complete on mailing even though a copy has not been received either by the clerk or the opposing party”); Gavin v. Gavin, 456 So.2d 535, 537 (Fla. 1st DCA 1984) (concluding under analogous rule 1.080, that “[i]f a pleading containing a certificate of service is tendered for filing, the certifi *498 cate is prima facie proof that service has been made effective as of the date of the certificate, even though a copy has not been received by the opposing part/’). This is especially so since the other four parties listed on the certificate of service as having been served, received their copies of the notice of appeal.
We also discern no deprivation of due process or other prejudice stemming from the fact that Ramie did not receive the notice of appeal that Duarte claims he sent. Unlike Alvarez, Armas & Borron, PA. v. Heitman, 770 So.2d 208 (Fla. 3d DCA 2000), on which the court below relied, Ramie received actual notice of the appeal, and, as its motion to dismiss the appeal (filed only 40 days after the notice of appeal was filed) confirms, it received notice sufficiently early in the proceedings to permit it to meaningfully participate in the appeal so as to protect its interests.
The respondents contend that Duarte’s petition for mandamus must be denied because (a) he had an adequate remedy at law, a petition for certiorari, and (b) any such petition for certiorari would have been dismissed as untimely. The respondents are correct that Duarte’s petition was filed after the 30-day period applicable to a petition for certiorari under Fla. R.App. P. 9.100(c)(1).
Mandamus is an appropriate remedy where, as here, a lower court has dismissed an appeal on the basis of a purported jurisdictional defect. Caldwell, 507 So.2d at 608. In that case, the petitioner’s appeal to a district court of appeal was dismissed for the failure to pay a filing fee. In fact, however, the petitioner had filed in the district court a copy of a certified order of insolvency. Mandamus was appropriate because the petitioner had a clear legal right to the performance of a specific, essentially ministerial, act — reinstatement of the appeal.
In Duarte’s case, his appeal was dismissed because Respondent Ramie persuaded the appellate division of the circuit court that an alleged defect in the service of the notice of appeal on respondent Ramie was “fatal” to the appeal under Alvarez, 770 So.2d at 209. The circuit court dismissed the appeal as to Ramie based on that alleged defect, and not as a sanction or other similar exercise of discretion. Respondent RMC then successfully moved the circuit court for dismissal of the appeal as to RMC on the grounds that Ramie was a necessary party to the appeal and the prior dismissal of Ramie required a dismissal of the appeal in its entirety. Simply stated, the circuit court declined to exercise jurisdiction over the appeal and dismissed it because the respondents persuaded the court that a single, fatal procedural defect precluded it from proceeding forward. In such an instance, mandamus is an appropriate means to seek the ministerial act of reinstatement and the exercise of jurisdiction.
Because we are confident that the appellate division of the circuit court will reinstate Duarte’s appeal, we withhold issuance of the writ.

. After the appeal was dismissed as to Ramie, RMC's motion to dismiss the appeal in its entirety was granted.

. There is no question that the address shown on the notice of appeal for Ramie’s attorney was the same as that listed by Ramie’s attorney as his address on Ramie’s motion to dismiss.