PADOYANO, J.
This is an appeal from a final administrative order. Both the original notice of appeal submitted to the agency clerk and the duplicate copy of the notice submitted to the clerk of this court were untimely. Because the appellant has failed to invoke the jurisdiction of the court, the appeal must be dismissed.
The Department of Financial Services ordered Roadrunner Construction, Inc., to pay $667,000.00 into the Workers’ Compensation Administrative Trust Fund as a penalty for failing to comply with an earlier order. The Department’s final order was rendered on November 24, 2009. Roadrunner filed the original of its notice of appeal with the agency clerk on Monday, December 28, 2009, and transmitted the duplicate copy of the notice to the clerk of the First District Court of Appeal by mail. The duplicate copy was filed when it was received on Tuesday, December 29, 2009.
The Department moved to dismiss the appeal, contending that the last day to file the notice was Thursday, December 24, 2009, a day that was not identified as an official holiday under rule 9.420(f) of the Florida Rules of Appellate Procedure. In response, Roadrunner argued that the last day should not be included in the calculation, because the office of the clerk of the First District Court of Appeal was closed on that day. Roadrunner also pointed out that although December 24, 2009, was not listed in rule 9.420(f) as an official holiday, many of the other court clerk offices around the state were closed. However, Roadrunner could not establish that the office of the agency clerk for the Department of Financial Services, was closed on December 24, 2009. We have subsequently verified that-the agency clerk’s office was open for business on that day.
Article V, section 2(a) of the Florida Constitution provides that the supreme court shall have exclusive authority to set the time limits for invoking appellate jurisdiction. Section 59.081, Florida Statutes (2009), implements this authority. By the terms of the statute, failure to initiate an appellate proceeding within the time set by the supreme court divests the appellate court of jurisdiction. These principles of law require the Florida appellate courts to dismiss an appeal for lack of jurisdiction if it was not initiated within the applicable time limit. See State ex rel. Cantera v. District Court of Appeal, Third District, 555 So.2d 860 (Fla.1990); Miami-Dade County v. Peart, 843 So.2d 363 (Fla. 3d DCA 2003); Mekertin v. Winn Dixie Stores, Inc., 869 So.2d 1286 (Fla. 4th DCA 2004).
The supreme court established the jurisdictional time limit for initiating an appeal from a final administrative order by adopting rule 9.110(c). This rule states that “the appellant shall file the original notice with the clerk of the lower administrative tribunal within 30 days of rendition of the order to be reviewed, and file a copy of the notice, accompanied by any filing fees prescribed by law, with the clerk of the court.”
The term “court” is used in the appellate rules to mean the appellate court: that is, the court to which the proceeding is directed. See Fla. R.App. P. 9.020(c); American Medical Int’l, Inc. v. Scheller, 484 *80 So.2d 593 (Fla. 4th DCA 1985). To avoid confusion, the court or tribunal from which the appeal has been taken is referred to in the appellate rules as the “lower tribunal.” See Fla. R.App. P. 9.020(e). The terms “court” and “lower tribunal” are mutually exclusive in that they each have only one meaning in an appellate proceeding. In contrast, the term “clerk” could mean the clerk of the lower tribunal or the clerk of the appellate court depending on the context in which the term is used. Rule 9.020(b) defines the term “clerk” as “[t]he person or official specifically designated as such for the court or lower tribunal.”
These definitions remove any possible ambiguity that might otherwise exist in rule 9.110(c). According to the text of the rule, the original of the notice of appeal is to be filed with “the clerk of the lower administrative tribunal” within thirty days of the date of rendition of the order. This could only mean the agency clerk — in this case, the clerk for the Department, of Financial Services. The appellant is also directed to file a duplicate copy of the notice with the “clerk of the court.” This could only mean the clerk of the appellate court — in this case the clerk of the First District Court of Appeal.
To invoke the jurisdiction of this court, the appellant would have been required to file the original notice of appeal with the agency clerk within thirty days of the date of rendition. See Bank of Port St. Joe v. Dep’t of Banking and Finance, 362 So.2d 96 (Fla. 1st DCA 1978). Rule 9.420(f) provides that in computing any time period under the appellate rules, the day of the act or event is not included, but the last day is included, unless the last day is a Saturday, Sunday or a legal holiday, in which case the last day is the next day that is not a Saturday, Sunday or legal holiday. The rule then contains a list of the designated holidays and it includes at the end of the list a provision that defines the term “holiday” as “any other day when the clerk’s office is closed.”
According to the calendar, the last day to file the notice of appeal in the present case would have been Thursday, December 24, 2009. If that day had been a holiday, the appellant would have had until Monday, December 28, 2009, the next day that was not a Saturday, Sunday or legal holiday. But December 24, 2009, was not a holiday. It is not listed as an official holiday, and the office of the clerk of the lower administrative tribunal was not closed on that day.
The only way that we could hold that this court has jurisdiction is if we were to conclude that the appellant had an extra day to file the notice of appeal in the lower tribunal because the clerk of this court was closed on the last day. That would make little sense, given the fact that the notice was to be filed in the lower tribunal, not in this court. Because the clerk of the lower tribunal was open for business on the last calendar day, the notice of appeal could have been filed there on that day. It makes no difference that the clerk of the First District Court of Appeal was closed.[1]
We have acknowledged that the term “clerk” as defined in rule 9.020(b) could refer to the clerk of the lower tribunal or the clerk of the appellate court, but there can be no doubt about the meaning of the *81 term as it is used in rule 9.420(f). The word “clerk” in the phrase “any other day in which the clerk’s office is closed” is plainly a reference to the clerk in the office where the document at issue is to be filed. As the rale is applied to this case, the term “clerk” means the office of the clerk of the lower tribunal, the place where the notice of appeal was to be filed.
The appellant would have us carry the jurisdictional time period forward to the next business day if either the clerk’s office of the lower tribunal or the clerk’s office of the appellate court is closed on the last calendar day, but that would not be a reasonable interpretation of rule 9.420(f). The point of allowing additional time if the clerk’s office is closed on the last calendar day is to ensure that the appellant has the full thirty days to file the notice of appeal. If the clerk’s office where the notice of appeal is to be filed is open on the last calendar day, the notice can be filed there on that day. In that event, it would be of no consequence to the appellant that some other clerk’s office happens to be closed.
The calculation procedure in rule 9.420(f) affords every litigant precisely the same amount of time. The procedure eliminates the first day, thereby accounting for the fact that the event from which the time is to run might occur early or late on that day, and excludes the last day if it is a Saturday, Sunday or legal holiday, thereby preventing the possibility that the time would be effectively shortened if the last day fell on a day when the document in question could not be accepted for filing. If we were to adopt the appellant’s interpretation of rale 9.420(f), the result would be to add time to the jurisdictional time period set by the supreme court. The effect of such a holding would be to grant the appellant another business day to file an appeal.
This is not a situation in which the failure to file the notice of appeal on time was caused by an error in selecting the correct appellate remedy or by an error in directing the review proceeding to the proper forum. Compare Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989) (holding that a notice of appeal filed in the lower tribunal within thirty days can be treated as a timely petition for writ of certiorari in the district court); Skinner v. Skinner, 561 So.2d 260 (Fla.1990) (holding that a petition for writ of certiorari filed in the district court within thirty days can be treated as a timely notice of appeal in the lower tribunal); Alfonso v. Dep’t of Environmental Regulation, 616 So.2d 44 (Fla.1993) (holding that a notice of appeal filed within thirty days in the appellate court can be treated as a timely notice of appeal in the lower tribunal); Kaweblum v. Thornhill Estates Homeowners Ass’n, 755 So.2d 85 (Fla.2000) (holding that a notice of appeal filed on time but in the wrong lower tribunal can be effective to confer jurisdiction on the appellate court). In each of these cases, the party seeking review submitted a timely document that would have been effective to confer jurisdiction on the appellate court had it been filed in the correct forum or in the correct location. By contrast, the appellant in this case failed to file any document in any tribunal within the jurisdictional time limit.
We have also considered the possibility that the duplicate copy of the notice of appeal might be sufficient to vest jurisdiction in this court. Rule 9.110(c) has been interpreted to vest jurisdiction in the appellate court if either copy of the notice was filed within the jurisdictional time period for taking an appeal. See Williams v. Greadington, 410 So.2d 644 (Fla. 1st DCA 1982); Broxton v. State Bd. of Educ., 601 So.2d 1292 (Fla. 5th DCA 1992). However, in the present case the duplicate copy *82 of the notice was also filed beyond the jurisdictional time limit.
If we were to conclude that the duplicate copy of the notice of appeal was alone sufficient to establish appellate jurisdiction, and if we were to hold that the appellant could not be expected to file it here on the thirtieth day from rendition because our own court clerk’s office was closed on that day, the duplicate of the notice would be due on Monday, December 28, 2009, the next day that is not a Saturday, Sunday or legal holiday. Because the duplicate notice was not filed in this court until Tuesday, December 29, 2009, it could not be effective to confer jurisdiction. The fact that the clerk’s office of the First District Court of Appeal was closed on the last calendar day does not make the duplicate notice timely, any more than it makes the original notice timely.
For these reasons, we conclude that the appellant has failed to invoke the jurisdiction of the court. We have no alternative but to dismiss the appeal for lack of jurisdiction.
Dismissed.
WETHERELL, J., concurs.
KAHN, J., dissents with opinion.

. Although we need not decide the issue, it is not clear whether this court was the only district court of appeal to which the appeal might have been directed. A final agency order may be appealed to the district court where the agency is headquartered, where a private party resides, or as otherwise provided by law. See § 120.68(2), Fla. Slat. (2009). We take note of the fact that although some of the district courts were closed on December 24, 2009, others were open on that day.