PER CURIAM.
Appellants timely filed this appeal seeking review of an order labeled “Final Judgment for Appellate Attorneys’ Fees and Costs.” This probate order was entered pursuant to an order issued in appellate case 1D10-5248, provisionally granting appellate attorney fees. Review is properly by motion for review filed in the underlying appeal. Fla. R.App. P. 9.400(c). We reject Appellants’ argument that review is properly by appeal pursuant to Florida Rule of Appellate Procedure 9.170(b)(23). Therefore, this court lacks appellate jurisdiction to review the order assessing appellate attorney fees and costs in this appeal, and we dismiss this appeal. See Browning v. New Hope South, 785 So.2d 732 (Fla. 1st DCA 2001). Cf. Pellar v. Granger Asphalt Paving, Inc., 687 So.2d 282, 284 (Fla. 1st DCA 1997).
The Florida Supreme Court recently adopted Florida Rule of Appellate Procedure 9.170, Appeal Proceedings in Probate and Guardianship Cases, and removed probate and guardianship cases from Florida Rule of Appellate Procedure 9.110, effective January 1, 2012. In re Amendments to Florida Rules of Appellate Procedure, 84 So.3d 192 (Fla.2011). The new rule provides a non-exclusive list of 24 categories of probate and guardianship orders that are appealable because they finally determine a right or obligation of an interested person. Included in this list are orders that award attorney fees. Fla. R.App. P. 9.170(b)(23). However, an order assessing fees that is entered by a probate court pursuant to an appellate court order provisionally awarding fees is not an order that “awards” attorney fees for purposes of appeal under the new rule. See In re Estate of Udell, 501 So.2d 1286, 1288 (Fla. 4th DCA 1986). The general rule with respect to appellate attorney fees, including appellate attorney fees in *1242 probate matters, is that “only the appellate court is authorized to award attorney’s fees to the prevailing party and against the losing party.” Id. “An order determining the amount of appellate attorney’s fees on remand from an appellate court has the characteristics of a final order but review of such an order by a plenary appeal is not necessary or even proper.” Pellar, 687 So.2d at 284.
In Browning, this court “decline[d] to approve appellant’s theory that the notice of appeal should be treated as a motion for review in case number 1D99-4770.” Browning, 785 So.2d at 733. Like the appellant in Browning, Appellants here initiated a new appellate proceeding rather than properly moving for review, thereby foreclosing the right of review by motion in the earlier appeal. But see Pellar, 687 So.2d at 284 (“the filing of an appeal in this case does not foreclose the right of review”). Although Browning would be controlling, it is inconsistent and conflicts with prevailing decisions of the Florida Supreme Court, because it failed to properly apply Florida Rules of Appellate Procedure 9.400(b) and 9.400(c). Kaweblum v. Thornhill Estates Homeowners Ass’n, Inc., 755 So.2d 85, 87 (Fla.2000) (“The use of the word ‘shall’ under rule 9.040(b) demonstrates that transfer of an improperly filed cause is mandatory, not discretionary.”); Johnson v. Citizens State Bank, 537 So.2d 96, 98 (Fla.1989) (“we hold that article V, section 2(a) prohibits a district court from dismissing as untimely a timely notice of appeal filed with the clerk of the circuit court, which should be considered as a petition for a writ of certiorari”). We are bound to follow the case law set forth by the Florida Supreme Court, which “shall prevail until overruled by a subsequent decision of [that] Court.” Hoffman v. Jones, 280 So.2d 431, 440 (Fla.1973). Accordingly, Appellants’ notice of appeal, filed in this appeal on April 18, 2012, is hereby treated as invoking the Court’s review jurisdiction under rule 9.400(c) in appellate case number 1D10-5248. The notice of appeal is transferred to appellate case number 1D10-5248 for further proceedings on the motion for review of the trial court’s order establishing the amount of appellate attorney fees to be awarded to Appellees, including any amount of attorney fees Appel-lee may be entitled to request for review in this court.
Appellee’s motion to dismiss this appeal as untimely filed and to foreclose further review under our precedent in Browning, filed May 10, 2012, is DENIED.
WETHERELL and MARSTILLER, JJ., concur; THOMAS, J., Specially Concurring with Opinion.