THOMAS, J.,
Specially Concurring.
I concur, but if I were writing on a blank slate, I would grant Appellee’s motion to dismiss this appeal under the authority of our recent decision in Browning v. New Hope South, 785 So.2d 732 (Fla. 1st DCA 2001), and deny any further review of the underlying appellate fee order awarded to Appellee. But the court here correctly holds that our precedent in Browning cannot be reconciled with the Florida Supreme Court’s holdings in Kaweblum v. Thornhill Estates Homeowners Ass’n, Inc., 755 So.2d 85 (Fla.2000), and Johnson v. Citizens State Bank, 537 So.2d 96 (Fla.1989). Article V, section 2(a), of our state constitution requires that “no cause shall be dismissed because an improper remedy has been sought.” Kaweblum interpreted this provision and rule 9.040(b), Florida Rules of Appellate Procedure, to confer jurisdiction on the district court where a party filed a notice of appeal in the wrong lower court, which then transferred that notice of appeal to the correct circuit court *1243 outside the 30-day jurisdictional time limit in which to invoke appellate jurisdiction. The authority and logic of Kaweblum applies here, where Appellant improperly seeks appellate review of an appellate fee award by filing a notice of appeal rather than by correctly filing a motion for review under rule 9.400(c), Florida Rules of Appellate Procedure.[1]
Here, there is a reasonable argument that this purported appeal is not a “cause” as provided in the state constitution, as it is nothing more than an attempt to obtain further review of an order in a case decided by this court quite some time ago. This matter is similar to a situation where a party fails to properly challenge a trial court ruling and thus waives the right to contest the ruling in an appellate court. As we noted in Browning, the notice of appeal “contained no argument regarding any error ... and it was therefore facially insufficient.” Browning, 785 So.2d at 733. In addition, as we noted in Browning, “The wisdom of Rule 9.400(c) ... is demonstrated by the fact that claimant has filed another motion for attorney’s fees in the new proceeding. If permitted to go forward, this raises the possibility that litigation will never reach a conclusion.” Id. at n. 1 (emphasis added). Obviously, this statement is not true if we simply treat an improperly filed notice of appeal as a motion for review under 9.400(c), but the fact that this court had to spend scarce judicial resources to rectify Appellant’s error here is problematic, to say the least. Furthermore, as noted above, this is not a case where Appellant mischaracterized a type of initial pleading, a lawsuit, or a defense; rather, Appellant improperly filed a notice of appeal and created a new case in this court in order to simply challenge the amount of an attorney fee award, not the entitlement.
Thus, were it not for the supreme court’s holding in Kaweblum, I would grant relief to Appellee by dismissing this appeal and precluding further review of the appellate attorney fee award in this case.

. Appellant’s present counsel did not represent Appellant in the fee hearing below.